# McQueen v. The State.

*Indictment for Murder.*

1.   *Plea of former acquittal; explanation by solicitor.*—Where, on the
second trial under an indictment for murder, the defendant pleads a
former acquittal of murder in the first degree, because of having
been convicted of murder in the second degree on the former trial,
although it would be better for the court to make such explanation,
it is not a reversible error for the State solicitor, in confessing such
plea, to explain to the jury that the defendant was then on trial for
no graver charge than murder in the second degree, that they could
not inquire into any higher crime than murder in the second degree
and the lesser degrees of homicide included in the indictment, that
"the defendant is entitled to a fair and impartial trial by you, and
you can not look to the fact of his former conviction in this court, or
the reversal in the Supreme Court, for neither can shed light upon
the evidence to come before you on this trial;" there is no legal
wrong in such explanation by the solicitor.

2.   *Dying declaration; fact of asking for physician does not render
them inadmissible.*—Where a person is mortally wounded, and while
lying on the ground in a helpless condition, suffering pain, he repeat-
edly declares that he will die, that he can not get well, and asks that
a physician be sent for, the declarations made by him a short time
after such statements are admissible in evidence as dying declara-
tions; and it is no valid objection to the admission in evidence of
such declarations that his desire for a physician showed that he did
not have a sense of impending death.

3.   *Charge to the jury; murder in the second degree.*—To constitute
murder in the second degree no deliberation or premeditation is re-
quired, except such as is necessarily involved in the existence of
malice; and it is, therefore, not error to instruct a jury that "Mur-
VOL. 103.

[McQueen v. The State.]

der in the second degree is the unlawful killing of a human being with malice aforethought, but without deliberation and premeditation."

4. *Charge defining murder in the first degree, when defendant tried for murder in the second degree; when not reversible error.*—On a trial for murder in the second degree, it is no reversible error for the court to correctly define to the jury murder in the first degree, when he prefaces such definition by the statement, "I will define to you murder in the first degree, in order that you may better understand murder in the second degree, but I instruct you that, under the pleadings in this case, this defendant is not on trial for murder in the first degree."

5. *Charge correctly stating self-defense, properly refused when prefaced by misleading instruction.*—Although a charge to a jury correctly sets forth the essentials of self-defense, it is properly refused when prefaced by the instruction that, "If the jury are reasonably satisfied from the evidence that Ab. Chambers [the person killed] with another, threatened the life of defendant, and these threats were communicated to the defendant, and that just before and at the time of the fatal rencounter the deceased was making an attempt to carry out these threats, and had theretofore, and at the time of the fatal rencounter the deceased sought the conflict, then the defendant may act on these threats and the other evidence in the case;" such prefatory instruction being calculated to mislead the jury.

6. *Charge as to self-defense; reasonably free from fault not sufficient.*—On a trial under an indictment for murder, a charge as to self-defense, which, in reference to freedom from fault on the part of the defendant in bringing on the difficulty, only requires that he should be "reasonably" free from fault, is erroneous; the law admitting of no qualification of this requirement.

7. *Charges, argumentative and invasive of the province of the jury, properly refused*—Where, on a trial for murder, the dying declarations of deceased are introduced in evidence, a charge is properly refused which instructs the jury that, "From the fact that experience and observation show that sometimes hate and prejudice only expire with life, and that men seek to gratify a spirit of revenge in the face of immediate death, * * * and from the fact that, in the absence of cross-examination, the whole truth may not be dictated, * * * the evidence of dying declarations should be received with the greatest caution;" such charge being argumentative and invasive of the province of the jury.

APPEAL from the Circuit Court of Butler.

Tried before the Hon JOHN R. TYSON.

The appellant was indicted for murder, convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for a period of twelve years.

[McQueen v. The State.]

The indictment upon which the appellant was originally tried was for murder in the first degree, and having been convicted at the former term of the circuit court of Butler county for murder in the second degree, the defendant pleaded an acquittal of murder in the first degree on this second trial. In response to this special plea the bill of exceptions recites that, "The solicitor for the State replied to this special plea and stated to the jury, the State confessed the plea of former acquittal·of murder in the first degree, by reason of his having been tried upon this indictment and convicted of murder in the second degree, and after conviction here he carried the case by appeal to the Supreme Court, where it was reversed on account of the errors of law committed in the trial; that with that trial you have nothing to do, and it should not have any effect upon your verdict, in this trial. The defendant is not now put upon trial for murder in the first degree, but comes before you in this trial upon no higher or graver charge than murder in the second degree, and you can not inquire into this case for any higher charge than murder in the second degree and the lesser degrees of homicide contained in the charge; the defendant is entitled to a fair and impartial trial by you, and you can not look to the fact of his former conviction in this court, nor to the reversal in the Supreme Court, for neither can shed light upon the evidence to come before you on this trial. The defendant objected to above statements of the solicitor, and moved to exclude them from the jury. The court overruled the motion to exclude, and to this ruling of the court the defendant excepted."

Among other charges the defendant requested the following, and separately excepted to the court's refusal to give each of them as asked: (D.) "If the jury are reasonably satisfied from the evidence that Ab. Chambers [the deceased] with another threatened to take the life of defendant and these threats were communicated to the defendant, and that just before and at the time of the fatal rencounter the deceased was making an attempt to carry out these threats, and had theretofore, and at the time of the fatal rencounter sought the conflict, then the defendant may act on these threats and the other evidence in the case; and if defendant was reasonably free from fault in bringing on the difficulty, and there was

· [McQueen v. The State.]

no reasonably safe way of escape open to defendant, and there was, or reasonably apparent, actual and impending danger to his life or great bodily harm and the defendant fired the fatal shot under this reasonable belief of imminent peril, then they should acquit the defendant." (4.) "Dying declarations should be received with the greatest caution by the jury." (6.) "From the fact that experience and observation show that sometimes hate and prejudice only expire with life, and that men seek to gratify a spirit of revenge in the face of immediate death, for these reasons, and from the fact that in the absence of a cross-examination the whole truth may not be dictated, because attention is not directed to some circumstances, or unconscious delusions produced by surprise or alarm ·are not dispelled; the evidence of dying declarations should be received with the greatest caution."

The other exceptions are sufficiently shown in the opinion.

GAMBLE & POWELL, for appellant.—The dying declarations were improperly admitted in evidence.—*Young v. State*, 95 Ala. 4; *Ward v. State*, 78 Ala. 441. The charge defining murder in the second degree was erroneous.— *Ward v. State*, 96 Ala. 100; *Smith v.· State*, 68 Ala. 424; *Mitchell v. State*, 60 Ala. 26. It was error for the court to define murder in the first degree in his charge to the jury.—*Mitchell v. State*, 60 Ala. 26.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—We are unable to see any valid objection to the remarks of the solicitor to the jury, when replying to the plea of former acquittal of the higher degree of the crime charged. It was well for the jury to have such an explanation made to them; and whilst it would probably have been better for the court to have made it, there was no legal wrong in permitting the solicitor to do so.

The deceased was shot in the back, in the region of the kidneys, with a shot gun, inflicting a wound, with an orifice of about three inches, and which, the physician said, shot the left kidney literally to pieces. He was shot at night, and died the afternoon of the next day.

[McQueen v. The State.]

While lying on the ground, in a helpless condition, suffering pain, he repeatedly declared that he would die—that he could not get well—though, at the same time, he asked that a doctor be sent for. Not long after making these declarations he declared that the defendant shot him. The predicate for the admission of the latter is objected to as insufficient to show the existence, in the mind of deceased, of a sense of impending death; and the objection is based upon the fact that deceased, while declaring that he would die, yet desired that a physician be sent for. We think there is no force in the objection. We may well conceive how a person, in the condition deceased was, who realized his condition and believed he was going to die, might yet desire the presence of a physician to relieve his sufferings.

There was no error in the instruction that, "Murder in the second degree is the unlawful killing of a human being with malice aforethought, but without deliberation and premeditation."—Code, § 3725; *Ward v. State*, 96 Ala. 100, and cases there cited. No deliberation or premeditation is required to characterize murder in the second degree, beyond that necessarily involved in the existence of malice. Such is the meaning of the instruction.

The court said to the jury : "I will define to you murder in the first degree, in order that you may better understand the meaning of murder in the second degree, but I instruct you that, under the pleadings in this case this defendant is not on trial for murder in the first degree; but I simply define murder in the first degree in order that you may clearly and distinctly understand and comprehend the definition I will give you of murder in the *1st* [?] degree and manslaughter." The court then defined to the jury murder in the first degree. Evidently the word, "1st", in the above quoted statement, to which we have annexed the interrogation point, is a clerical misprison, and we will so treat it. It should have read, "second." If this definition to the jury of murder in the first degree be regarded as abstract, the proposition of law it affirmed was correct, and we are unable to see, with the explanation the court gave, how it could possibly have misled the jury, to the prejudice of the defendant. It was no doubt true, as the court thought, that the jury could better comprehend the qual-

[McQueen v. The State.]

ities of murder in the second degree when given to them, by having a clear understanding of the qualities of murder in the first degree. The instruction containing no error of law, and having no tendency to mislead the jury to the prejudice of the defendant, it can not afford ground of reversal.

If the essentials of self-defense were held correctly set forth in charge D, requested by defendant, they are prefaced by the statement that, "If the jury are reasonably satisfied from the evidence that Ab. Chambers with another threatened to take the life of defendant, and these threats were communicated to the defendant, and that just before and at the time of the fatal rencounter the deceased was making an attempt to carry out these threats, and had theretofore, and at the time of the fatal rencounter the deceased sought the conflict, then the defendant may act on these threats and the other evidence in the case." This language was calculated to mislead the jury into the belief that, as a matter of law, the defendant had the right to shoot the deceased, if the latter had threatened to take his life, of which he had been informed, and if just before and at the time of the fatal rencounter the deceased was making an attempt to carry out the threats, and at and before that time, sought the conflict; and we are of opinion that this misleading tendency was not obviated by following up the statement with a correct enunciation of the principles of self-defense. But, the charge was also well refused for the reason that, in reference to freedom from fault on the part of defendant, in bringing on the difficulty, it required only that he should be *reasonably* free from fault. The law admits of no qualification of this requirement. The defendant must have been free from all fault, or wrong doing, on his part, which had the effect to provoke or bring on the difficulty. The charge was properly refused.

Charges 4 and 6 requested by defendant were argumentative and invaded the province of the jury, and were properly refused.—*Ward v. State*, 78 Ala. 441.

The other exceptions are not specially insisted on in the argument of counsel. We have carefully examined them and find none well taken. There is no error in the record.

Affirmed.