# Brunson *v.* The State.

*Indictment for Murder by Poisoning.*

1. *Statement of joint defendant when admissible.*—Where two parties are jointly indicted it is competent to prove incriminating statements made by one of them, both being on trial, but the court will by instructions confine their consideration by the jury as evidence to the party who made them.

2. *What proper question to defendant as a witness.*—When a defendant is on trial for poisoning her husband, it is proper for the solicitor to ask her, while she is testifying as a witness in her own behalf, if there had not been illicit relations between herself and another jointly indicted with her, prior to the death of her husband, for the purpose of showing a motive for

administering the poison to her husband which caused his death.

3. *Charge as to motive; when properly refused.*—Where the evidence tends to show a conspiracy to commit a crime between the defendant and others, and also tends to show a motive on the part of the defendant, a charge requested by the defendant that the failure to prove a motive on her part to commit the crime charged, is a circumstance to be considered by the jury, is properly refused; as also the affirmative charge in her behalf.

4. *Same.*—The presence of a motive for the commission of the offense charged, while always a legitimate subject of inquiry, is not indispensable to a conviction or an element of the burden of proof which the law devolves upon the prosecution, whether the agency or connection of the accused is manifested by direct or positive, or only by circumstantial evidence; the criminal act and the connection of the accused with it being proved beyond a reasonable doubt, the act itself furnishes the evidence that to its perpetration there was some cause or influence moving the mind.

5. *Misleading charge.*—A charge requested by a defendant jointly indicted with others for poisoning, which demands her acquittal unless the jury find from the evidence that she was instrumental in communicating the poison to the deceased, is properly refused as misleading when the evidence shows that the poison was delivered to the deceased by one of the parties indicted with her, and that she was not present. The jury could have construed the charge to mean that unless she was personally present and directed the poison to be given, she would not be guilty. The evidence tending to show that the defendant was an accessory, if the jury believed this to be true they were authorized to convict her notwithstanding she may have neither expressly nor impliedly directed the poison to be administered.

6. *Same.*—If a defendant charged with poisoning is shown to have put strichnine in whiskey for the purpose of having it drunk by the deceased with intent to poison him, and it was given him by any one without her knowledge and death resulted therefrom, she would be guilty.

APPEAL from Crenshaw Circuit Court.

Tried before Hon. J. W. FOSTER.

General Foster, Tom Miles and Eliza Brunson were jointly indicted for the murder by poisoning of June Brunson, who was the husband of Eliza. There was a severance as to General Foster, and the other two were

jointly tried. From the judgment of conviction Eliza alone appealed.

On the trial the solicitor asked a witness "if he saw or heard the defendant Miles and General Foster in conversation a few nights before the death of June Brunson talking about poisoning Brunson?" The evidence tended to show that in the life time of June Brunson there existed illicit relations between General Foster and Eliza Brunson. It also tended to show a conspiracy between the three indicted parties to poison June Brunson; that Tom Miles bought strychnine and gave it to General Foster; that afterwards a label similar to the one on the bottle of strychnine bought by Miles was in the possession of Eliza Brunson; that on the day of the death of June Brunson, Eliza had in her possession a bottle with some liquid in it, and later on the same day General Foster gave to June a similar bottle and he drank the contents and in a short time was seized with convulsions and died on the sidewalk. It was shown that strychnine poison was the cause of June's death. There were other facts proven strongly tending to show a conspiracy. The defendant requested the following charges which were refused: 1. "The failure of the prosecution to prove a motive on the part of the defendant, Tom Miles or Eliza Brunson to commit the crime charged against him or her is a circumstance to be considered by the jury in connection with the other evidence."

2. "The court further charges the jury that unless they find from the evidence that Eliza Brunson was instrumental in communicating the poison to June Brunson they should acquit her."

3. "If the jury believe the evidence they must acquit the defendant, Eliza Brunson."

The record does not show any one for the defendant. No brief.

CHAS. G. BROWN, Attorney-General, for the State. The record discloses motive in the illicit intercourse of General Foster and Eliza Brunson.—*King v. State,* 25 So. Rep. 172; *Crawford's Case,* 21 So. Rep. 222; *Tanner*

*v. State,* 92 Ala. 8. (2). Not essential to prove motive. *Clifton v. State,* 73 Ala. 473; *Stone v. State,* 105 Ala. 61. (3). Charge 2 misleading, 1st Bishop on Cr. Law, Secs. 595, 608.

TYSON, J.—The objection to the question asked witness Pace by the solicitor "if he saw or heard the defendant Miles and General Foster in conversation a few nights before the death of June Brunson talking about poisoning Brunson," was properly overruled. Miles was on trial jointly with this appellant and the State was entitled to introduce evidence of every incriminating circumstance as against him. It appears that no objection of any kind was made to the answer of the witness by this defendant, and that the court confined its consideration by the jury as evidence against Miles alone.

The question propounded by the solicitor to the defendant as a witness, if there had not been illicit relations between her and General Foster prior to the death of her husband, was proper. The evident purpose of this evidence was to show a motive for administering the poisoned whiskey to her husband which caused his death.

There was testimony tending strongly to prove a conspiracy between this defendant, Foster and Miles to poison the deceased. Indeed it tends to show that this defendant put the strychnine in the whiskey which Foster induced him to drink that killed him. The testimony also tends to show that the motive which prompted the act was the intimate relations existing between this defendant and Foster. In view of these tendencies of the evidence the written charges 1 and 3 rquested by defendant were properly refused. But independent of these considerations, charge number 1 was improper. The presence of a motive for the commission of the offense charged while always a legitimate subject of inquiry, is not indispensable to a conviction or an element of the burden of proof which the law devolves upon the prosecution, whether the agency or connection of the accused is manifested by direct and positive evidence, or only by circumstantial evidence; the criminal act and the connection of the accused with it being proved beyond a

reasonable doubt, the act itself furnishes the evidence, that to its perpetration there was some cause or influence moving the mind.—*Clifton v. The State*, 73 Ala. 473; *Stone v. The State*, 105 Ala. 60.

Charge 2 asserts that unless the defendant was instrumental in communicating the poison to June Brunson she must be acquitted. The only act shown by the evidence in the giving or delivering the bottle containing the poisoned whiskey to the deceased was done by Foster. It is also shown by the evidence that the defendant was not present when he gave the whiskey to Brunson, the deceased, to be drunk by him. In view of this state of the evidence the jury could have construed the language of the charge to mean that unless she was personally present and expressly directed Foster to give the whiskey to Brunson, then she would not be guilty. This certainly renders the charge misleading and its refusal proper.

The testimony tended to establish that the defendant was an accessory to the poisoning of the deceased, and, if the jury believed this to be true, they were authorized to convict her, notwithstanding, she may not have either expressly or impliedly directed Foster to give it to him to be drunk by him. Again if she put the strychnine in the whiskey for the purpose of having it drunk by the deceased with the intent to poison him, and it was given to him by any one, without her knowledge, and death resulted therefrom, she would be guilty.

Affirmed.