# Hunter *v.* The State.

## *Murder.*

(Decided June 11, 1908.   47 South. 133.)

1. *Jury; Venire; Re-Service After Correction.*—The fact that the clerk, on his own motion, excused a juror whose names was incorrectly stated in the venire and return of summons did not author-ize the quashing of venire where it appeared upon a discovery of this fact the court ordered the juror to be re-summoned and ordered the clerk to prepare and the sheriff to serve a copy of the venire upon the defendant which was done in time.

2. *Homicide; Indictment; Conviction for Lesser Offense.*—It was not error for the court to instruct on murder in the 2nd degree and manslaughter, although the indictment charged murder in the 1st degree, since a conviction may be had for a homicide of a lower degree under an indictment charging murder in the 1st degree; and this, notwithstanding the code provides a different form for murder in the 2nd degree.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Wade Hampton Hunter was convicted of murder in the second degree, and appeals. Affirmed.

Before going to trial, and before announcing ready for trial, defendant filed a motion to quash the venire, and also filed objections to being put on trial. The motion to quash and the objections to going to trial are based upon the following agreed statement of facts. The name of W. E. Price is drawn from the jury box as a special juror in this cause, and he was summoned as a juror by the sheriff. His name was not put upon the venire, but instead thereof the name of W. E. Pearce. The name drawn from the jury box was W. E. Price, beat 15, Montgomery county. . The sheriff returned the name of W. E. Pearce as executed having served the same on W. E. Price, who reported to the court on Monday of that same week of court, and was discharged by the clerk of the court without the order of the court, or

the knowledge of the court, although he was actually summoned as a juror and did appear as such. It was further admitted that on Wednesday, November 27, 1907, another venire was served on the defendant, containing the name W. E. Price. It was further admitted that no order was made to summons W. E. Price until November 27, 1907, but that the sheriff had served the summons on W. E. Price before that day. It was further admitted that on Wednesday, when the mistake was discovered by the court, the court then ordered the clerk to issue a summons for this man W. E. Price, and that the sheriff resummons him, and that a new venire be served on defendant, which was done; this new venire consisting of the same one which was first served on defendant, with the exception that W. E. Price was substituted for W. E. Pearce, and that Price was resummoned.

J. S. Childs, testifying for the state, said that he knew Thomas Summerall, the man alleged to have been killed; that he did not know him personally, but that he had seen him several times; and that he knew the defendant about the same as he knew Summerall. He was then asked the following question: "You were not, then, on intimate terms with either one of them, Mr. Hunter or Summerall?" The court overruled an objection to this question, and permitted the witness to answer.

The defendant, testifying for himself, stated that he had some business for Mr. Trentham, an order from him for some money. His attorney then asked him the following question: "To leave town on?" to which an objection was sustained, and also the following question: "Who did you get the order from?" Defendant was also asked what the crowd did right after the shooting, to which objection was sustained.

In his oral charge to the jury the court said: "And the Code defines the status of unlawful killing as murder in the second degree in the following language: 'When the killing in any sudden encounter or affray is caused by the assailant by the use of a deadly weapon which was concealed before the commencement of the fight, his adversary having no deadly weapon drawn, such killing is murder in the second degree, and may, according to the circumstances, be murder in the first degree.'" Exception was reserved to this portion of the oral charge; also to the following: "And manslaughter in the first degree is the result of a sudden passion engendered by a present provocation, and which provocation must in no event be less than an actual assault upon him."

The charge requested by the defendant was the general affirmative charge.

HILL, HILL & WHITING, for appellant. The court erred in refusing to quash the venire.—Acts 1900-01, p. 2002. The court erred in sustaining objection to the question asked the defendant, "Who did you get the order from?" *Harris v. The State*, 96 Ala. 28. The court erred in its ruling on the other testimony.—*Rutledge v. The State,* 88 Ala. 89; *Gafford v. The State,* 122 Ala. 62. The court erred as to charging murder in the 2nd degree and manslaughter.—*McQueen v. The State,* 103 Ala. 12.

ALEXANDER M. GARBER, Attorney-General, for the State. The court did not err in respect to the testimony.—*Rose v. The State,* 144 Ala. 114; *Gordon v. The State,* 140 Ala. 29. The indictment embraced every degree of homicide and the court properly instructed as to all of them.—*Scroggins v. The State,* 120 Ala. 369; *Ray v. The State,* 147 Ala. 5.

[Patton v. The State.]

ANDERSON, J.—The trial court did not err in refusing to quash the venire or in putting the defendant on trial upon same. The second copy served on the defendant was in time, and contained a list of the jurors drawn and summoned as provided by law.

There was no error in the oral charge of the court excepted to, as the state had the right to show murder, whether under section 7084 or section 7086 of the Code of 1907. The defendant was indicted for murder in the first degree, and a conviction could be properly had thereunder for any lower degree of the offense, notwithstanding a separate form may be prescribed under section 7086, Code 1907.—*Scales v. State,* 96 Ala. 75, 11 South. 121.

The trial court committed no reversible error in ruling upon the evidence, or in refusing the general charge requested by the defendant.

The judgment of the city court is affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.