48 So.2d **7**

### HOULTON v. STATE.
#### 3 Div. 915.

Supreme Court of Alabama.
June 12, 1950.

STAKELY, Justice.

To the Honorable, the Court of Appeals of Alabama
Judicial Building
Montgomery, Alabama

Dear Sirs:

The Court of Appeals under the provisions of § 88, Title 13, Code of 1940 has certified for our answer the following:

"The appellant was indicted under the following indictment:

" 'The Grand Jury of said County charge, that before the finding of this indictment—William J. Houlton, unlawfully and with malice aforethought, killed Kerry Wayne Ingram, by administering to said Kerry Wayne Ingram, arsenic poison, against the peace and dignity of the State of Alabama.'

"He was convicted of the offense of murder in the second degree and his punish-

ment was fixed at fifteen years in the State penitentiary.

"In his oral charge, the trial judge instructed the jury as to both degrees of murder. Appellant's counsel did not reserve any exceptions to the oral charge. Neither did they request any written charges in an attempt to confine the question of guilt of the accused to only murder in the first degree. They attempted to raise the question for the first time by motion for a new trial. The motion was overruled.

"As authorized under the provisions of Title 13, Section 88, Code of 1940, the following abstract questions are hereby certified to your court for an opinion as guidance to our court in said cause, towit:

"1. On the indictment hereinabove set out, was the jury authorized to find the defendant guilty of a lesser offense than murder in the first degree?

"2. Could the point be raised by a motion for a new trial in the absence of exceptions to the oral charge and requests for written instructions limiting the issue to murder in the first degree?"

It is very earnestly insisted by the appellant that inasmuch as he was tried under indictment for murder in the first degree by poisoning, he could not be found guilty of a lesser offense, namely, murder in the second degree. It is further insisted that since his conviction for murder in the second degree cannot stand, he must be discharged, since he was acquitted of murder in the first degree. The statute under which the appellant was indicted, § 314, Title 14, Code of 1940, defining murder in the first and second degree is as follows.

"§ 314. Every homicide, perpetrated by poison, lying in wait, or any other kind of wilful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or the attempt to perpetrate, any arson, rape, robbery, or burglary, or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed; or perpetrated by any act greatly dangerous to the lives of others, and evidencing a depraved mind regardless of human life, although without any precon-

ceived purpose to deprive any particular person of life, is murder in the first degree; and every other homicide, committed under such circumstances as would have constituted murder at common law, is murder in the second degree."

Section 317, Title 14, Code of 1940 reads as follows:

"§ 317. When the jury find the defendant guilty under an indictment for murder, they must ascertain by their verdict whether it is murder in the first or second degree; but if the defendant on arraignment confesses his guilt, the court must proceed to determine the degree of the crime, by the verdict of a jury, upon an examination of the testimony and pass sentence accordingly."

In construing this last mentioned statute this court has held that whenever a jury finds a defendant guilty under an indictment for murder the jury must ascertain by its verdict whether it is murder in the first or second degree. Mitchell v. State, 210 Ala. 457, 98 So. 285; Harden v. State, 211 Ala. 656, 101 So. 442.

In connection with this last mentioned statute this court has held that it is the mandatory duty of the court to instruct the jury orally as to the different and distinguishing elements of each degree of murder and further that it is error for the court to so instruct the jury as to take from it the right and duty to ascertain by its verdict whether the defendant was guilty of murder in the first or second degree. Jackson v. State, 226 Ala. 72, 145 So. 656; Peterson v. State, 227 Ala. 361, 150 So. 156. Furthermore it is the law of this state that under an indictment charging murder in the first degree, an accused may be found guilty of any of the lesser offenses included therein, such finding being within the province and discretion of the jury hearing the case. In this connection in Hunter v. State, 156 Ala. 20, 47 So. 133, 134, this court said: "The defendant was indicted for murder in the first degree, and a conviction could be properly had thereunder for any lower degree of the offense, notwithstanding a separate form may be

prescribed under section 7086, Code 1907 [Code 1940, Tit. 14, § 316]."

Where murder is charged by administering poison is the case removed from the foregoing principles? We do not think that it is. In the case of Howerton v. State, 191 Ala. 13, 67 So. 979, 980, in considering § 317, Title 14, Code of 1940, which appears in the Code of 1907 as § 7087, this court said:

"* * * For 50 years it has been the law that when the jury find the defendant guilty under an indictment for murder, 'they must ascertain, by their verdict, whether it is murder in the first or second degree,' and if the defendant confesses his guilt on arraignment, the court must proceed 'to determine the degree of the crime, by the verdict of a jury.' Code 1907, § 7087; Clay's Digest, 412, 413, §§ 1, 2.

"(1) This court has uniformly held that no judgment of conviction, under an indictment for murder, can be sustained, unless the verdict of the jury expressly finds the degree of the crime of which the defendant is convicted. Cobia v. State, 16 Ala. 781; Levison v. State, 54 Ala. 520, 524; Brown v. State, 109 Ala. 70, 20 So. 103; Parham v. State, 147 Ala. 57, 618, 42 So. 1; Gafford v. State, 125 Ala. 1, 9, 28 So. 406; Roberson v. State, 175 Ala. 15, 18, 57 So. 829. That the murder was committed by means of poison can make no difference. Johnson v. State, 17 Ala. 618–627.

"*　*　*　*　*　*

"(3) The fact that the indictment charged that defendant killed Alice Howerton by administering strychnine did not relieve the jury of the requirement of the statute that on conviction they must ascertain by their verdict the degree of murder. For this defective verdict the judgment of conviction must be reversed, and the cause is remanded."

In the earlier case of Johnson v. State, 17 Ala. 618, this court had occasion to consider a like question involving a homicide perpetrated by the use of poison. This court there said: "In this case the jury did not by their verdict ascertain the degree of murder of which the prisoner was guilty. For that cause, the prisoner moved in arrest of judgment, but this motion was overruled. In Cobia v. State, 16 Ala. 781, we held that the crime of murder being divided by our penal code into two grades with different punishments, it was necessary on the trial of an indictment for that offence that the verdict should ascertain the degree, otherwise no judgment could be rendered upon it. It is now contended by the Attorney General, that as the statute expressly makes homicide by means of poison murder in the first degree, it was not necessary, in this case, for the jury to ascertain the degree. To that it may be answered, that the statute expressly requires the jury to ascertain the degree, without excepting the case of homicide by means of poison. For this and other reasons, we think the degree should have been ascertained by the jury, and that therefore there was error in overruling the motion to arrest the judgment."

The decision in Johnson v. State, supra, was also referred to with approval by this court in Brown v. State, 109 Ala. 70, 20 So. 103.

We think it clear that the foregoing statutes and authorities show that no exception is made in the case of murder perpetrated by the use of poison and that in such a situation it is a mandatory duty on the trial court to instruct the jury on both degrees of murder and the jury in the rendition of its verdict must ascertain the degree of murder for which the defendant is found guilty. It seems to us that it would be a vain and useless thing to require the jury to ascertain the degree of murder if it must of necessity ascertain that the homicide was murder in the first degree. Why should the degree be ascertained at all if it must of necessity be only murder in the first degree? There are other cases which supplement the views which we have expressed. We refer to Brunson v. State, 124 Ala. 37, 27 So. 410, and Pearce v. State, 226 Ala. 436, 147 So. 617. In the Brunson case the defendant was indicted for murder of the deceased by administering to him strychnine and was convicted of murder in the second degree. In the Pearce case the defendant was in-

dicted for murder in the first degree, the homicide being brought about by poisoning. He was convicted of murder in the second degree, his punishment fixed at 25 years imprisonment. While the point here under consideration does not appear to have been referred to by the court in these last two cases, the court apparently took it for granted that where the murder is produced by poisoning a conviction can be had for murder in the second degree.

Since we have pointed out that there can be a conviction of murder in the second degree where the homicide is brought about by the administration of poison, it is a fair question to ask if murder in the second degree can in the nature of the case arise where the death has been produced by the administration of poison. In this connection it is well for us first to consider why the statute defining murder in the first degree makes reference to poison. This was explained in the case of Mitchell v. State, 60 Ala. 26, where this court speaking through Mr. Justice Stone said: "Our statute (Code of 1876, § 4295), while it has retained as murder every species of homicide which was murder by the common law, has divided that highest offense against persons into two grades: murder in the first degree, and murder in the second degree. Murder in the first degree is further divided, and defined in four classes: First, homicides perpetrated by 'poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing.' The employment of poison as the agent, or lying in wait to do the deed, either is made sufficient evidence within this class. To come within the other clause, the act must be qualified by each of the named adjectives. Willful—governed by the will, without yielding to reason. Deliberate—formed with deliberation, in contradistinction to a sudden and rash act. Malicious—with fixed hate, or done with wicked intentions or motives, not the result of sudden passion. Premeditated—contrived or designed previously. All these qualities must coexist, to bring the crime within this clause. * * *"

In accordance with the foregoing decision, poison as the agent for producing death is within itself sufficient evidence that the act is willful, deliberate, malicious and premeditated. The foregoing decision points out that the statute has retained as murder every species of homicide which was murder by the common law. So if it is conceivable that if death results by the use of poison where the act is done without deliberation and premeditation, McQueen v. State, 103 Ala. 12, 15 So. 824, then there can be murder in the second degree, a homicide less than murder in the first degree. As stated in Wharton's Criminal Law, Vol. 1, p. 751, a homicide committed by means of poison or lying in wait is not necessarily murder in the first degree.

One of the authorities collected by Mr. Wharton in support of his text is State of Connecticut v. Dowd, 19 Conn. 388. In this case the court held that on an indictment for murder perpetrated by means of poison the jury may find the prisoner guilty of murder in the second degree. The statute in effect in Connecticut at the time of this decision, according to the decision, is in accordance with the Alabama statute defining murder in the first and second degree. The court upheld the conviction of murder in the second degree and among other things said, "Hence, if any · case can be supposed, where murder may be committed by means of poison and not the result of such an action [deliberate], then a conviction of murder in the second degree may be legal."

It will be noted that the statute brackets with homicides perpetrated by poison homicides where there is "lying in wait." Mr. Wharton points out in Wharton's Criminal Law, Vol. 1, p. 752, that a man may lie in wait for another merely to commit a trespass and if so in case of an accidental killing, the offense being only manslaughter at common law, is only manslaughter under the statute. See also Wharton's Criminal Law, Vol. 1, p. 703. In other words, there are circumstances under which homicide committed by means of poison or lying in wait could constitute murder in the second degree.

In the light of the foregoing decisions, we conclude that the jury was

authorized to find the defendant guilty of a lesser offense than murder in the first degree. Accordingly, we answer the first question hereinabove set out in the affirmative.

Since we hold that the jury was authorized to find the defendant guilty of murder in the second degree, we consider it unnecessary to answer your second question.

BROWN, FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.