MONTAGUE *v.* STATE

5151                                          398 S. W. 2d 524

Opinion delivered January 31, 1966

*Harold Sharpe*, for appellant.

*Bruce Bennett*, Attorney General, *Wm. Powell Thompson*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was charged by information with the crime of first degree murder by means of poisoning. In finding her guilty of this alleged offense, the jury rejected her plea of self-defense and assessed her punishment at life imprisonment in the State Penitentiary. From a judgment upon this verdict the appellant brings this appeal.

For reversal appellant contends, *inter alia*, that the court erred in instructing the jury that: "All murder which shall be perpetrated by means of poison shall be deemed murder in the first degree," and "in failing to give instructions" on the lesser offenses of homicide under the facts in this particular case.

Appellant testified that on the night in question the deceased, an acquaintance, came to the door of her home with a gun and she was afraid not to admit him; that after he got into the house he started chasing her from one room to another with the gun, running it up and down her back and telling her he was going to shoot her when he got ready; that he hit her with his fist and committed other acts of violence; that he made indecent and unnatural proposals to her and threatened to put salt "in my privates and he did put some in there;" that she kept "stuff" for rats since "we have lots of rats and mice and I keep something out all the time;" that when he asked her to get him a drink of water she complied.

"Q. Did you pour him a drink of water?

A. Yes, sir, I reached up on the cabinet and poured something in there, I don't know what it was.

Q. What did you intend to do when you poured it in there?

A. When I poured it in there I was not thinking about doing no harm to anybody, I would have

poured castor oil or anything in there, or turpentine or coal oil or anything.

Q. What were you putting it in there for?

A. I thought maybe it might calm him down, he was so mad."

He became ill and left in a taxi. The next day he died from the effects of the poison. The applicable statutes read:

"Murder is the unlawful killing of a human being, in the peace of the State, with malice aforethought, either express or implied." Ark. Stat. Ann. § 41-2201 (Repl. 1964).

"All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of wilful, deliberate, malicious and premeditated killing, or which shall be committed in the perpetration of or in the attempt to perpetrate, arson, rape, robbery, burglary or larceny, shall be deemed murder in the first degree." Ark. Stat. Ann. § 41-2205.

The exact issue argued by appellant seems to be one of first impression in our state. However, we have construed these statutes previously in cases relating to murder by poison. In *Allen* v. *State,* 37 Ark. 433, we held that a person charged with murder in the first degree by poisoning may be convicted of a lower degree of criminal homicide. Again, in *Smith* v. *State,* 222 Ark. 650, 262 S. W. 2d 272, we approved the trial court instructing the jury on first and second degree murder in a poison case and upheld a conviction for second degree murder. However, in each of those cases it was the defendant objecting to the giving of instructions on the lesser offenses contending, as does the State in the case at bar, that murder by poisoning is nothing less than first degree. We analyzed in detail the quoted statutes [§§ 41-2201 and 41-2205] in *Rayburn* v. *State,* 69 Ark. 177, 63 S. W. 2d 356, where we said:

"According to these statutes two classes of murder constitute murder in the first degree, to-wit: (1) All murder committed by *any kind* of wilful, deliberate, malicious and premediated killing; and (2) all murder which shall be committed in the perpetration of, or in the attempt to perpetrate, arson, rape, robbery, burglary, or larceny * * * These two classes of murder in the first degree are separate and distinct. *In the former a precedent intent to kill is necessary to constitute the offense, while in the latter it is not.*" [Emphasis added]

See, also, *Walker v. State*, 239 Ark. 172, 388 S. W. 2d 13.

In 26 Am. Jur., Homicide, § 15, p. 164, we find:

"* * * The facts, however, may be such in a particular case that a killing by poison will only be manslaughter, even though a statute provides that murder committed by means of poison shall constitute murder in the first degree."

Certainly there are conceivable circumstances justifying and requiring that a jury be instructed as to a lower degree of homicide than first degree where death results from the use of poison. *Houlton v. State*, 254 Ala. 1, 48 So. 2d 7. As Chief Justice English said in *Allen v. State, supra,* in 1881 with regard to the statutes in question:

"Until the Legislature shall think proper to enact that upon a charge for murder perpetrated by means of poison, etc., the jury must find the accused guilty of murder in the first degree, or acquit him, we know of no remedy except that of appropriate charges to the juries."

Thus, for more than three-quarters of a century our legislature has not deemed it proper to enact such a limitation.

We think the appellant presented sufficient evidence

to require giving instructions to the jury on the lesser offenses of homicide.

The appellant also argues for reversal that the court erred in refusing to instruct the jury on the elements of felonious intent, wilfulness, and premeditation. It follows from our foregoing discussion that the appellant is correct. Furthermore, the information in the case at bar specifically alleged these elements, namely that appellant " * * * did unlawfully and wilfully with deliberation, premeditation and malice aforethought poison and kill Marshall Hicks by administering to him poison in a glass of water served to the said Marshall Hicks with the intent to wilfully and maliciously kill" him.

The appellant also asserts for reversal that when the court instructed the jury: "Murder is the unlawful killing of a human being in the peace of the State, with malice aforethought, either express or implied" [Ark. Stat. Ann. § 41-2201], it was error for the court to refuse to instruct the jury as to the meaning of "express" and "implied" malice. We think this is a valid contention. These terms are defined by Ark. Stat. Ann. §§ 41-2203-4. In *Jordon* v. *State,* 238 Ark. 398, 382 S. W. 2d 185, we said: "No instruction was given defining self-defense or justifiable homicide, though these terms are referred to in two or three other instructions."

The appellant asserts other reversible errors which we have carefully reviewed and find no merit in them.

For the reasons indicated the judgment is reversed and the cause remanded. Reversed and remanded.

HARRIS, C. J., dissents.