252 So.2d 115

**James Edgar PASSMORE**

**v.**

**STATE.**

**4 Div. 96.**

Court of Criminal Appeals of Alabama.

Nov. 2, 1971.

Greene & Pope, and Charles Floyd, Phenix City, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

PER CURIAM.

The defendant appeals from a judgment of conviction of murder in the first degree, with sentence of life imprisonment.

In brief filed by the attorney for the appellant, it is earnestly insisted that the court was in error in limiting the oral charge to murder in the first degree and instructing the jury that under the testimony offered the defendant would be guilty of murder in the first degree or of no offense at all, depending upon their belief of the state's evidence under the required rule. Insistence is made that under Title 14, § 317, Code of Alabama 1940, the jury is required to determine the degree of guilt under an indictment of murder in the first degree, and that the effect of the court's charge was to withdraw from the jury the right to find the degree of guilt, if any, and to substitute the opinion of the court as to the legal effect of the testimony.

The appellant further argues that it is the mandatory duty of the court to charge on each degree of murder when the defendant is being tried for murder in the first degree, and that failure to do so is error. Houlton v. State, 254 Ala. 1, 48 So.2d 7.

■ However meritorious this argument may be it can avail appellant nothing because the question is not properly presented for review in this court since no written requested charges were presented to the court covering this matter and no exceptions taken to any portion of the court's oral charge. This same question is raised in McPherson v. State, 198 Ala. 5, 73 So. 387.

The Supreme Court there held that since no written charges were requested during the trial, nor exceptions reserved to the oral charge of the court there was nothing for the Appellate Court to review.

■ Many cases directed to this point are collected in Alabama Digest 6-A ☜628. A fair statement of the rule set out in the many cases herein before referred to is that if the defendant wishes an extension of the charge of the court, it is his duty to request and present written instructions extending the instructions made by the court, rather than merely taking an exception thereto.

■ If the court is in error in what it does say in its oral instructions, the remedy is only by way of exceptions thereto. Then, if the court does not alter or modify its oral charge, the exception serves the office of protecting the record on appeal.

In the absence of some action in the trial court to reserve these questions, as above

directed, the matter cannot be presented for the first time on appeal.

The attorneys for appellant very candidly admit in brief that the case of McPherson v. State, supra, stands in the way of a consideration by this court of the alleged error of the trial court, and we are urged to reconsider the decision of the court in that case. In answer to this argument, it is enough to say that this court is bound, by the terms of the act creating the court, by the decisions of the Supreme Court and there is no authority vested in this court to overturn or change the decisions of the Supreme Court in any manner. (Act No. 987, Acts of Alabama, Regular Session 1969, Title 13, § 111(1), Code 1940, Recompiled 1958.)

So it is not necessary nor appropriate for this court to consider the argument with regard to the alleged error of the trial court in its oral charge.

At the conclusion of the testimony for the state, the appellant made several motions to exclude the evidence and discharge the defendant. All of which were overruled by the court.

The following testimony is pertinent to the court's rulings on these motions. It appears from the state's testimony, on or about the 17th day of April, 1970, John Cleveland Wilks, and his son, Roy Wilks, were engaged in operating a grocery store in a rural section of Russell County, near Phenix City. In the late afternoon on that date, the appellant, together with George Washington and Edward Bates, appeared at the store. The appellant made a small purchase, and Bates asked for some groceries which would be kept, ordinarily, in or near the cooling counter, and followed the elder Mr. Wilks to the rear of the store, where Wilks picked up the item asked for, at about which time, Bates grabbed the elder Wilks and produced a pistol. There followed some commotion, and it appears that immediately thereafter the elder Mr. Wilks came back to the front of the store. There was gunfire from Bates, who remained in the back of the store. The younger Mr. Wilks secured a pistol and began firing, and his testimony is that the appellant and Washington also had guns and were firing in his direction. The elder Mr. Wilks fell to the floor and later died from the effect of a gunshot wound. Bates was shot in the eye, apparently by the younger Wilks, and the appellant and Washington ran from the store and escaped. Bates was later captured the next day some three miles from the store.

The testimony of the defendant is in conflict with the state's testimony in several respects, namely: He denied that he had a gun or that he participated in or knew of any attempted robbery of the operators of the grocery store, although he was there, but he claimed to be, more or less, an innocent bystander, who rode in a car with the other parties to the store.

Under the provisions of Title 14, § 314, Code 1940, the jury, if they believed the evidence for the state under the required rule, could find the defendant guilty of murder in the first degree.

There was no error by the court in overruling the motions to exclude the evidence and discharge the defendant.

The court refused five written charges for appellant. There was no error in this action since the substance of these charges was either covered by the court in the oral charge or the written charges given.

We have responded to argument made in the brief of the appellant, and in addition thereto, we have carefully reviewed the entire record, and can find no error of a reversible nature. The case is due to be affirmed.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.