The Defendant was indicted and tried for Murder in the First Degree. A jury convicted him of Murder in the Second Degree and fixed his punishment at imprisonment in the penitentiary of Alabama for thirty-two (32) years.
On arraignment the Defendant pleaded not guilty and not guilty by reason of insanity. The Defendant filed a motion requesting a psychiatric examination by the Forensic Evaluation Board at Bryce Hospital, the state agreed to such examination and the Trial Judge ordered the examination. Said board reported its findings to the Court that the Defendant was mildly mentally retarded but was competent and would be able to assist his counsel in the preparation of his case and trial.
The Defendant filed a motion for a change of venue and after a lengthy evidentiary hearing the Trial Court denied the motion.
The evidence indicates that on February 8, 1975, that the Defendant and his cousin Bob Peoples and their wives went to the store of Mr. Harold Young in Lawrence County, Alabama, about 7:30 o'clock P.M. and waited around until all of the customers left the store and Bob Peoples and the two women went into the store, Peoples being armed with a shotgun and while Peoples and the women were in the store the Defendant filled his automobile with gasoline from the pumps in front of Young's store. Peoples and the women robbed Young and Peoples forced him into the Defendant's car at gunpoint. Peoples, the two women and the Defendant all got into the car with Mr. Young and drove some distance to a mountainside where they turned the car around and Mr. Young was forced out of the car and carried to a clearing just off the road where he was forced to lie down on the ground and Peoples put the gun to Young's temple and shot him in the head and Mr. Young died from said gunshot wound. Peoples and the Defendant got back into the car and together with their wives rode to another mountainside where they threw away the gun used to kill Mr. Young. They returned to the City of Moulton and remained a few hours before departing for the State of Michigan late at night on February 8th or early morning on February 9th. Sometime during the night of February 8th the body of Mr. Young was found and one Sizemore, the coroner of Lawrence County, went to the scene and identified Mr. Young and determined the cause of death to be the gunshot wound in *Page 1390 
the head. On February 13th the Defendant, Peoples and their wives returned to the City of Moulton from the State of Michigan and were promptly arrested and given their Miranda
warnings at that time. Sometime later that night the Defendant was carried to the county jail in Lauderdale County and upon his arrival at the Lauderdale County Jail he was interviewed by Officer Haney, a state investigator, in the presence of some other officers. He was again given his Miranda warnings and asked if he understood his rights and told Officer Haney that he did understand his rights and thereafter made an oral confession to Officer Haney. Later that night he returned to Lawrence County with some officers in an unsuccessful attempt to recover the gun used to kill Mr. Young. He was not given anyMiranda warnings at the commencement of or during the trip to Lawrence County to hunt the gun and was returned to the Lawrence County Jail sometime around midnight. Three or four days later Coroner Sizemore questioned the Defendant for several hours in the Lauderdale County Jail and, as a result of such questioning, produced a written statement which the Defendant signed and initialed each page of, admitting his participation in the events culminating in the death of Mr. Young. He was given his Miranda warnings before the questioning commenced and again before he signed the written statement.
After the Defendant was adjudged guilty of Murder in the Second Degree, his attorney filed a motion for a new trial alleging that the evidence in the cause showed conclusively that the killing was Murder in the First Degree and that the jury was not authorized to find the Defendant guilty of Murder in the Second Degree under such evidence. The Trial Judge overruled the motion for a new trial and his action is here assigned as error.
During the course of the trial after a voir dire hearing out of the presence of the jury, the Trial Judge admitted into evidence the oral statement of the Defendant given to Officer Haney and the written statement given to Coroner Sizemore, all over the Defendant's objection. The admission of these two statements into evidence are assigned as errors in this cause.
During the course of the trial on two occasions, the prosecutor asked improper questions about a prior conviction of the Defendant. The Defendant objected to the questions and the Trial Court sustained the objection and promptly admonished the jury to disregard the questions. During the closing argument, the Defendant objected to the following remark of the prosecutor — "In an incredible way like slaughtering pigs" — and moved for a mistrial. The Court overruled the objection to the argument and denied the motion for a mistrial and informed the jury that counsel had a right to argue the reasonable inferences from the evidence. The Defendant assigned as error that the two improper questions about prior convictions and argument by the prosecutor shows injection of prejudice into the record that could not be eradicated from the mind of the jury.
The Defendant contends that it was error to admit either the oral or written statement into evidence on the grounds that the Defendant did not have the mental capacity to voluntarily and intelligently admit the facts contained in the statements and, as to the written statement, contends additionally that Coroner Sizemore took an unfair advantage of the Defendant in obtaining the written statement. Insofar as the Defendant's mental capacity is concerned, the record reflects that he was married, owned and operated his own automobile and was gainfully employed. The Trial Judge and the jury were able to observe the Defendant and his demeanor and determine the extent of his mental capacity and the jury to determine what weight and creditability they would give to his confessions.
The Courts of this state have uniformly held that prima facie, a confession is presumed to be involuntary and the burden is upon the state to overcome that presumption, and it is a question of fact for the Trial Court to determine from the evidence *Page 1391 
before it, whether the confession was voluntary or involuntary. The weight and credibility to be given to the confession is a matter within the exclusive province of the jury. We hold in this case that both confessions were properly presented to the jury and there is no error in the record. See: Price v. State,52 Ala. App. 21, 288 So.2d 803; Jones v. State, 292 Ala. 126,290 So.2d 165; Otinger v. State, 53 Ala. App. 287,299 So.2d 333; Hegmon v. State, 50 Ala. App. 486, 280 So.2d 192.
The Defendant's contention that the prosecutor injected prejudicial matters into the record is assigned as one error and argued as one, but, should be treated separately. Insofar as the claim of error by the prosecutor asking improper questions, the Courts of this state have held that if a prejudicial matter is exhibited to the jury by questions or argument or otherwise and the Defendant objects and the Court sustains the objection and properly instructs the jury to disregard such matter, that the action of the Court is not erroneous unless the matter so exhibited creates ineradicable bias or prejudice. See: Luschen v. State, 51 Ala. App. 255,284 So.2d 282; Watson v. State, 266 Ala. 41, 93 So.2d 750; Lee v.State, 265 Ala. 623, 93 So.2d 757; Espey v. State, 270 Ala. 669, 120 So.2d 904.
In regard to the contention of error regarding the argument of the prosecutor, our Courts have said in argument to a jury, counsel may not argue as a fact that which is not in evidence, but he may state or comment on proper inferences from the evidence and may draw conclusions from the evidence based on his own reasoning. See: Adams v. State, 291 Ala. 224,279 So.2d 488.
The assignment of error that the Trial Court erred in failing to grant a new trial is without merit and this Court is not prepared to say that a jury is unauthorized to find a Defendant guilty of a lesser included offense when properly instructed by the Trial Court as to the elements of the lesser included offense. See: Hunter v. State, 156 Ala. 20, 47 So. 133.
We have considered the entire record under Code 1940, T. 15, § 389, including the following: the clerk's certificate; the court reporter's certificate; the statement of the organization of the court; the indictment (caption, charge, conclusions, and required endorsements); judgment entry (arraignment, presence of counsel, empanelling of the jury, verdict, adjudication of guilt, allocutus, sentence and notice of appeal); proceedings on the motion for new trial; and each ruling of the trial judge adverse to the appellant (including without limitation the written charges refused appellant).
From this examination we conclude that error is not made to appear.
The foregoing opinion was prepared by Honorable F. Murland Smith, Circuit. Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur except CATES, P.J., not sitting.
 *Page 148