First degree manslaughter; sentence: three years' imprisonment.
Between 10:30 and 11:15 a.m. on December 29, 1979, the appellant shot and killed her husband at her mobile home in Randolph County. The fatal shot, fired from a .22 caliber rifle, struck the victim in *Page 34 
the heart. The evidence presented was conflicting and presented a question for the jury. We find the evidence sufficient for the jury to have found the appellant guilty of the instant offense. Consequently, the trial court properly overruled her motion to exclude the State's evidence for failure to prove a prima facie case. Briggs v. State, Ala.Cr.App., 375 So.2d 530
(1979); § 13-1-90, Code of Ala. 1975.
 I
Appellant contends that in eight instances the trial court improperly allowed the State to ask questions directed to her character and thereby injected prejudicial evidence into the trial.
In three of the eight instances, the question asked by the State was answered favorably to the appellant and did not prejudice her. A negative response from a witness to a question relating to a defendant's prior misconduct causes no injury to the defendant. Hill v. State, Ala.Cr.App., 366 So.2d 296
(1978), affirmed, Ala., 366 So.2d 318 (1979). See also Bartonv. State, Ala.Cr.App., 376 So.2d 756, cert. denied, Ala.,376 So.2d 761 (1979) and Frazier v. State, Ala.Cr.App.,365 So.2d 339 (1978).
The appellant's objections in three other instances were sustained and thus there was no adverse ruling from which the appellant may appeal. Stinson v. State, 56 Ala. App. 312,321 So.2d 277 (1975). We note that in one of those instances the trial court immediately instructed the jury to disregard the State's question in order to eradicate any potential prejudice to the appellant.
In one instance the appellant did not object until after the question had been answered, and the objection was based upon relevancy rather than upon improper character evidence. Nevertheless, the trial court sustained the objection. SeeStinson, supra. Likewise, the appellant failed to move to exclude the question and answer which would have amounted to a waiver had the trial judge not ruled favorably to the appellant. Burton v. State, Ala.Cr. App., 364 So.2d 394, cert. denied, Ala., 364 So.2d 397 (1978); Braxton v. State, Ala.Cr. App., 361 So.2d 1170 (1978).
Appellant's last insistence of error in this regard concerns the following question propounded to Mrs. Jeanette Henderson, a neighbor of the appellant, and her answer:
 "Q. How well would you say you know the defendant, Gwen Yates?
 "JOHN TINNEY: Judge, I object to this, we've gone too far for a mistrial, but if Mr. Hamner is going to insist on going along this line of questioning, I'm going to move for one.
"COURT: Overruled, go ahead.
 "A. I know her pretty well, have for the last 5 or 6 years."
We are unable to see how the above question improperly elicits, either directly or indirectly, evidence of the appellant's character as alleged in appellant's brief. It merely attempts to establish that the witness knew the appellant and the witness' opinion of the quality of their relationship. Neither the question nor the answer is prejudicial to the appellant; therefore, we find no error in the trial court's overruling the appellant's objection. Furthermore, we note that appellant's argument on appeal is based on a ground not stated when the objection was made at trial. Consequently, an appellant is limited to those grounds raised at trial and may not expand them upon appeal. Likewise, a general objection is unavailing if the evidence is admissible for any purpose. Stringer v. State, Ala.Cr.App., 372 So.2d 378, cert. denied, Ala., 372 So.2d 384 (1979).
 II
Appellant contends that the trial court erroneously allowed the State to introduce evidence of the amount of property in the victim's estate through the testimony of the victim's daughter, Linda Yates. The testimony was offered to establish a possible motive for the killing. Furthermore, the State, through the testimony of Mrs. Jeanette Henderson, established that the appellant, who had been previously married, *Page 35 
had stated to her that "she left empty-handed from her first marriage, and she wasn't leaving this marriage empty-handed." Appellant had also stated to Mrs. Henderson that "if he [the victim] didn't deed it [the property] over to her, she would kill him." On another occasion the appellant had told the witness that "Emmitt could beat her, he could stomp her, but she wasn't going to leave, and that she would kill him before she left and let him have everything." We conclude that testimony concerning the amount of property owned by the victim was material and admissible as having a tendency to establish motive. Willis v. State, 37 Ala. App. 185, 66 So.2d 753, cert. denied, 259 Ala. 500, 66 So.2d 756 (1953); Gamble, McElroy'sAlabama Evidence, § 45.01 (8) (3d ed. 1977).
Likewise, the State's closing argument concerning the victim's property did not constitute reversible error in light of the fact that the extent of the estate was admissible evidence at trial as tending to establish a motive for the homicide. The district attorney therefore had a right to comment on that evidence and draw reasonable inferences from it. Eddy v. State, Ala.Cr.App., 353 So.2d 67 (1977); Borden v.State, Ala.Cr.App., 337 So.2d 1388 (1976).
 III
Appellant complains of three instances in the State's closing argument wherein the prosecution made prejudicial comments to the jury.
In the first instance, the trial court sustained the appellant's objection. Appellant did not move the trial court to exclude the comment or instruct the jury to disregard it. Therefore, no adverse ruling exists from which the appellant may appeal. Cagle v. State, 211 Ala. 346, 100 So. 318 (1924).
In the latter two instances, the trial court did not rule on the appellant's objection. The record is void of any attempt by the appellant to invoke a ruling. "The general rule is that improper argument of counsel is not a ground for a new trial or subject to review on appeal unless there is due objection by counsel or a motion to exclude, an adverse ruling thereon bythe court, or a refusal of the trial court to make a ruling."
(Emphasis added.) Lawson v. State, Ala.Cr.App., 377 So.2d 1115, cert. denied, Ala., 377 So.2d 1121 (1979). Consequently, no error was preserved in those instances for our review.
 IV
Appellant asserts that the trial court committed reversible error in failing to charge the jury on the lesser included offense of second degree manslaughter. Appellant objected to the trial court's oral charge, but did not submit a written requested charge covering the omitted matter.
In Smith v. State, 53 Ala. App. 657, 303 So.2d 157 (1974), we stated:
 "[W]here a party desires the court to extend its oral charge to cover some applicable law in the trial of a case, his remedy is to request a written charge on the subject, which if refused would protect the record and present the matter to the Appellate Courts. The rules governing objections and exceptions to the oral charge of the court either in the matter of what the court says or does not say require that if the objection is to what the court did say the remedy is only by exception thereto (Passmore v. State, 47 Ala. App. 189, 252 So.2d 115), and if the objection is to the court's refusal or omission to charge on a particular subject applicable under the evidence the procedure is by way of a requested written charge. (Lewis v. State, 42 Ala. App. 166, 157 So.2d 38; Tranholm v. State, 38 Ala. App. 57, 77 So.2d 491).
 "A failure to pursue one of the remedies above set out, if proper and applicable to the case, is a waiver of a review by this court as to the matters in question."
See also Hall v. State, Ala.Cr.App., 375 So.2d 536 (1979). Consequently, the appellant did not properly preserve the question for review. Even had a charge been submitted on this point, it was not due to be given because the evidence does not reflect *Page 36 
that the killing was either accidental or unintentional.
AFFIRMED.
All the Judges concur.