Assault in the third degree; sentence: three months' imprisonment (suspended) and a $300 fine.
Around 6:30 p.m. on March 13, 1981, appellant arrived uninvited at the residence of his former wife. After she had partially opened the door, he pushed the front door open and gained access. Appellant then pushed the victim out of the way. Mrs. Parham seated herself in a chair near her child whom she had been feeding. Appellant knocked her out of the chair and onto the floor. As she rose, appellant struck her on the left side of her face and jaw with the back side of his hand. The blow left a noticeable bruise and mark which was painful throughout the next day. The blow knocked the victim to the floor and as she rose appellant pushed her into the kitchen and attempted to choke her. Appellant threatened her stating in substance, "I should kill you."
The evidence was in conflict as to the above sequence of events as well as to whether the victim had previously sustained the facial bruise at her place of employment. The evidence presented a question for the jury which was presented to and resolved by it. Appellant does not challenge the sufficiency of the evidence. Thus, a further recitation of the facts is unnecessary.
 I
Appellant asserts that the trial court erred in failing to charge the jury that disorderly conduct, § 13A-11-7 (a)(1) Code of Ala. 1975 (Amended 1977), was a lesser included offense of assault in the third degree. § 13A-6-22 (a)(1) Code of Ala. 1975 (Amended 1977). Appellant objected to the trial court's oral charge, but did not submit a requested charge covering the alleged omitted matter.
In Yates v. State, 390 So.2d 32 (Ala.Cr.App. 1980), at page 35 we stated:
 "In Smith v. State, 53 Ala. App. 657, 303 So.2d 157
(1974), we stated:
 "`[W]here a party desires the court to extend its oral charge to cover some applicable law in the trial of a case, his remedy is to request a written charge on the subject, which if refused would protect the record and present the matter to the Appellate Courts. The rules governing objections and exceptions to the oral charge of the court either in the matter of what the court says or does not say require that if the objection is to what the court did say the remedy is only by exception thereto (Passmore v. State, 47 Ala. App. 189, 252 So.2d 115), and if the objection is to the court's refusal or omission to charge on a particular subject applicable under the evidence the procedure is by way of a requested written charge. (Lewis v. State, 42 Ala. App. 166, 157 So.2d 38; Tranholm v. State, 38 Ala. App. 57, 77 So.2d 491).
 "`A failure to pursue one of the remedies above set out, if proper and applicable to the case, is a waiver of a review by this court as to the matters in question.'"
We therefore hold that appellant did not properly preserve the question for review. Hollis v. State, 399 So.2d 935
(Ala.Cr.App. 1981); Travis v. State, 397 So.2d 256
(Ala.Cr.App.), cert. denied, 397 So.2d 265 (Ala. 1981).
Nevertheless a close reading of both offenses in conjunction with § 13A-1-9 (a)(1), (4), which defines a lesser included offense, reveals that the offenses have totally different aggrieved parties (the public as opposed to an individual), intent, and injury elements. Further, the instant offense is catalogued under the heading "offenses involving danger to the person," while disorderly conduct falls under "offenses against public order and safety." Therefore, we find that disorderly conduct is not a lesser included offense of assault in the third degree. See People v. Munafo, 50 N.Y.2d 326, 428 N.Y.S.2d 924,406 N.E.2d 780 (1980). *Page 1270 
Further, neither did the trial court err in restricting appellant's closing argument on this matter, nor did his trial counsel fail to adequately represent him by not submitting a written requested charge.
 II
Appellant argues that the trial court committed two additional errors in its oral charge. First, he asserts that the trial court erred when it stated that the case was very important to the parties involved. Secondly, he argues that error was committed when the trial court made a reference to the prosecutor's closing argument where the prosecutor had characterized the instant offense as assault and battery.
Appellant took no exception or made no objection to the above alleged errors. Thus, nothing is preserved for our review.Travis, supra; Storie v. State, 390 So.2d 1179 (Ala.Cr.App.), cert. denied, 390 So.2d 1184 (Ala. 1980), Yates, supra;Sprinkle v. State, 368 So.2d 554 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 565 (Ala. 1979); Frazier v. State,365 So.2d 339 (Ala.Cr.App. 1978).
Nevertheless, we find that the above statements taken individually and collectively, when read in context with the whole charge, were not prejudicial to appellant.
Having reviewed the record for error and finding none, the judgment of conviction by the Lee Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.