222 So.2d 345

**A. Robert RAY**

v.

**CITY OF PRICHARD.**

1 Div. 383.

Court of Appeals of Alabama.

March 4, 1969.

Rehearing Denied April 1, 1969.

Frankie L. Fields, Mobile, for appellant.

Mayer W. Perloff, Mobile, for appellee.

CATES, Judge.

This is a purported appeal from a judgment of conviction of a breach of a city ordinance requiring a permit to parade on city streets.

### I.

Although the Clerk of the Circuit Court left a blank page therefor, this record comes here without any assignments of error. See Supreme Court Rule 1.

### II.

A writ of error is a proceeding in an "appellate" or revisory higher court whereunder the judges are authorized to examine a record on which a judgment has been given in a lower court of record. Cohens v. Virginia, 6 Wheat. 264, 409, 410, 5 L.Ed. 257.

This concept of essentially a new suit led to the pleading device of the allegation, e. g., "that manifest error to the hurt and prejudice of your appellant is made to appear in that * * *" Jones, Alabama Practice and Forms, §§ 35, 36 and 5571. This is the frame of the assignment of error. 5 Am.Jur.2d, Appeal and Error, § 648.

Though the writ of error is no longer available in Alabama, except in criminal cases, assignments are still mandatory on submitting an appeal. Also, the assignments must be bound in the record. Fuller v. Porter, 274 Ala. 321, 148 So.2d 648.

In criminal appeals, Code 1940, T. 15, § 389, expressly abolishes assignments of error. This expression of the one has been held to be exclusive as to other classes of appeal. The instant appeal is not criminal. Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571(3).

The dispensation of § 389, supra, does not compass appeals from convictions of violating municipal ordinances. See Woods v. City of Tuscaloosa, 43 Ala.App. 626, 198 So.2d 306; 37 Am.Jur., Municipal Corporations, § 202.

Under the authority of Parks v. City of Montgomery, 38 Ala.App. 681, 92 So.2d 683, wherein many cases are cited, the judgment below is due to be

Affirmed.