321 So.2d 255

**Allen Lee BOUYER**

v.

**STATE.**

**3 Div. 331.**

Court of Criminal Appeals of Alabama.

May 6, 1975.

Rehearing Denied Oct. 21, 1975.

**290**

Charles C. Carlton, Montgomery, for appellant on original appeal.

Allen Lee Bouyer, pro se, on application for rehearing.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., on original appeal.

No brief for the State on application for rehearing.

CATES, Presiding Judge.

### I

On original examination we considered [1] (and still consider) that *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 does not require counsel at lineup held before indictment or other formal accusation. We, on May 6, 1975, affirmed Allen Lee Bouyer's conviction of first degree burglary.[2]

### II

In applying for rehearing pro se appellant who proceeds in forma pauperis requests appointment of a different counsel so as to prosecute an application for rehearing and a petition for certiorari to the Supreme Court of Alabama. Section 1 of Act No. 526, approved September 16, 1963 does not apply to capital cases. Whether or not, that reference in § 1 of that Act carries over to § 4 covering appellate coun-

sel we believe to be answered negatively by the same reasoning given in *Echols v. State,* 47 Ala.App. 23, 249 So.2d 639.

Nevertheless, the last sentence of § 4 of said Act reads:

"It shall be the duty of such counsel as an officer of the court and as a member of the Bar to represent and assist said defendant in the *appeal.*" (Italics added).

This sentence means that the Legislature has ordered appointed counsel only for an appeal. See *Queor v. Lee,* 5 Cir., 382 F.2d 1017.

There is no requirement of the Fourteenth Amendment that a State furnish a pauper counsel beyond the first appeal. See *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 which arose under the two-tiered appellate system of North Carolina.

Application overruled.

All the Judges concur.

---

1. We also reviewed the whole record under the search the record for error statute. Code 1940, T. 15, § 389.

2. There was no compliance with Rule A, 49 Ala.App. XXI.