Robbery: sentence, ten years imprisonment.[1]
Brown, with his brothers Leroy Brown, Jr. and Zane (or Zinc) Brown, held up a filling station on the Mobile Highway, taking $200.00 from Richard Stubbs. They kidnapped Stubbs and shot him through the skull. Stubbs survived and identified the defendant both from photos and in a lineup.
 I
Under Rule 28 (a)(7) ARAP[2] counsel has raised fourteen points of claimed error. However, in only four of these instances do we find the record protected by an objection or motion made to evoke a ruling by the trial judge.
The settled interpretation of Code 1940, T. 15, § 389, is that this court in searching the record is confined to points on which rulings adverse to the defendant are had in the trial court. The Plain Error doctrine applies to death penalty cases but not to other convictions. Echols, 47 Ala. App. 23,249 So.2d 639; Stinson, 56 Ala. App. 312, 321 So.2d 277. See also Segers,283 Ala. 682, 220 So.2d 848, per Lawson, J.
Rule 28 (a)(7) has not changed the definition of an "adverse ruling."
 II
One of the protected points in the record involved the seizure and delayed search of Leroy Brown, Jr.'s car after the issuance by the municipal court of a search warrant.
Ordinarily, delayed searches are circumscribed with hedging limitations. Loyd, 279 Ala. 447, 186 So.2d 731.
In this case we need not examine the details of the warrant or the seizure even though Myrick, 45 Ala. App. 162,227 So.2d 448, might militate against any question that might be raised by Leroy Brown, Jr., who was the owner of the car.
Only persons whose privacy is invaded have standing to object to the seizure of their goods, papers and effects. Bridges,52 Ala. App. 546, 295 So.2d 266. Therefore, appellant's motion to suppress the evidence garnered from the car was not well taken.
 III
The appellant's motion to exclude the State's evidence and to discharge him was properly overruled. This because there was enough proof to let the jury decide the general issue of guilt vel non. This we conclude after a consideration under Code 1940, T. 15, § 389.
 IV
During the hearing on the motion to suppress objection was made to reference to the shooting of Stubbs. The jury was not present. Moreover, such proof is admissible because conduct involving intimidating or killing of witnesses reflects a consciousness of guilt. Hence, there was no error in overruling the objection. Whatley, 209 Ala. 5, 96 So. 605; Lambert,55 Ala. App. 669, 318 So.2d 364; Ellis, 46 Ala. App. 289,241 So.2d 130.
 V
The final point taken is that the trial judge erred in refusing charge 6 requested in writing.
The refusal was not error because (1) two words were grossly misspelled, a circumstance which could confuse jurors —Griffin, 284 Ala. 472, 225 So.2d 875; Williams, 54 Ala. App. 244, 307 So.2d 53; and (2) the substance of the request was adequately — and better — covered in the oral charge. Code 1940, T. 7, § 273, which still applies to criminal cases. *Page 127 
The judgment below is
AFFIRMED.
All the Judges concur.
[1] "Any person convicted of robbery shall be punished, at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years."
[2] "A brief on appeal to the Court of Criminal Appeals should also contain a list of each and every ruling by the trial court adverse to the defendant on whose behalf the appeal is taken. Such list need only refer to the pages of the record on appeal where such rulings occur. See Form 23."