The matter before us is our certiorari review of a decision by the Court of Criminal Appeals affirming a decision by the trial court denying the defendant-petitioner's Rule 32, Ala.R.Crim.P., petition challenging his conviction for capital murder under § 13A-5-40(a)(4), Ala. Code 1975, and his convictions for other simultaneous crimes. Before the petitioner filed the instant Rule 32 petition, he had already appealed his capital murder conviction *Page 976 
itself; and the Court of Criminal Appeals had already affirmed the conviction, Thomas v. State, 539 So.2d 375 (Ala.Crim.App. 1988), this Court had already affirmed the judgment by the Court of Criminal Appeals, Ex parte Thomas, 539 So.2d 399 (Ala. 1988), and the United States Supreme Court had already denied the petitioner's petition for a writ of certiorari, Thomas v. Alabama,491 U.S. 910 (1989). Because the instant review by us is discretionary, we will confine our discussion and holding to what we deem to be the petitioner's most arguable issue: that his trial counsel was ineffective for his failure to request a jury instruction on the lesser included offense of manslaughter (predicated on evidence of intoxication at the time of the acts) and his failure to object to the failure by the trial court to instruct the jury on the lesser included offense of manslaughter. We affirm because the failure of the trial court to submit the lesser included offense of manslaughter to the jury for its consideration did not prejudice the defendant.
In Limestone County, the defendant was indicted, tried, and convicted for capital murder, first degree sexual abuse, first degree robbery, and first degree arson. He received a death sentence for the capital murder conviction and penitentiary sentences for the other convictions. These hideous crimes are detailed in Thomas v. State, supra, published by the Court of Criminal Appeals on the defendant's direct appeal.
Only the indictment, trial, and conviction for capital murder are pertinent to our analysis now. The theory of the capital murder indictment is murder in the course of a burglary. Thetheory of the burglary alleged in the capital murder indictmentis, in pertinent part, that the defendant burglarized the victim'sdwelling with the "intent to commit the crime of theft therein."
In the guilt phase of the trial, the trial court submitted for the jury to consider, not only the burglary-murder capital murder as alleged in the indictment but also the lesser included offenses of noncapital murder, first degree burglary, second degree burglary, attempted burglary in the first or second degree, first degree criminal trespass, and third degree criminal trespass.[1] The defendant's trial counsel did not request, and the trial court did not submit, the lesser included offense of manslaughter. Likewise, the defendant's trial counsel did not object to the failure of the trial court to submit the lesser included offense of manslaughter to the jury for its consideration.
The defendant-petitioner now argues before us that the trial court committed prejudicial error by failing to instruct the jury on the lesser included offense of manslaughter and that the defendant-petitioner's trial counsel's failure to preserve this error for review constituted ineffective assistance of counsel, substantially prejudiced the defendant both at trial and on appeal, and thus entitles him to a new trial. Strickland v.Washington, 466 U.S. 668 (1984), does, indeed, predicate relief for ineffective assistance of counsel on proof of both substandard performance by the trial counsel and substantial prejudice resulting to the defendant from the substandard performance. We will discuss first the strengths of the defendant-petitioner's argument and then its weaknesses.
The evidence that the defendant killed the victim is super-abundant. The defendant's chief defense was mental incompetence. At the hearing on the defendant's Rule 32 petition, trial defense counsel testified that the defense strategy was not to win an acquittal but to save the defendant's life.
The evidence that the defendant was voluntarily intoxicated at the time he killed *Page 977 
the victim is also super-abundant. We need not detail it here. The evidence of the defendant's voluntary intoxication fills more than two entire letter-size pages of single-spaced type in a footnote in the manuscript of the very thorough opinion written for the Court of Criminal Appeals by Judge Patterson adversely deciding the petitioner's appeal from the trial judge's denial of the instant Rule 32 petition. (Note 26, 766 So.2d at 951-52.) Thomas v. State [Ms. CR-93-0823, September 4, 1998] 766 So.2d 860, 951-52 (Ala.Crim.App. 1998). Moreover, Judge Patterson writes:
 "Thomas is correct in his assertion that `the defense presented substantial, unchallenged evidence that [he] was intoxicated at the time the crimes were committed.' Thomas is also correct in his assertion that it is well settled that `[e]very prisoner at the bar is entitled to have charges given, which, without being misleading, correctly [state] the law of his case, and are supported by any evidence, however weak, insufficient, or doubtful in credibility.' Crosslin v. State, 446 So.2d 675, 682 (Ala.Crim.App. 1983) (quoting Gibson v. State, 89 Ala. 121, 8 So. 98 (1890)). Accord Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978)."
Thomas, 766 So.2d at 951-53 (footnotes omitted). The Crosslin
case cited by Judge Patterson is compelling authority that the defendant-petitioner was entitled to an instruction on the lesser included offense of manslaughter. The Crosslin court explains and holds:
 "Based on the foregoing circumstances, appellant contends that the trial court committed reversible error in refusing to charge the jury on the lesser included offense of manslaughter.
 "Appellant's basic argument in support of his contention that a manslaughter instruction should have been given is that he was so intoxicated at the time of the commission of the offense that a jury question was presented as to whether he was capable of forming the specific intent necessary for conviction under Ala. Code § 13A-5-31(a)(10) (Supp. 1977) or § 13A-6-2(a)(1) (Supp. 1977). The only portion of the trial court's oral charge which deals with intoxication reads as follows:
 "`Intoxication, other than involuntary intoxication, is not a defense to a criminal charge, but may be considered by the jury if relevant on the question of whether the fact of intoxication negates an element of the offense charged, such as intent, but not the element of recklessness.'
 "As can be seen, this charge is completely silent on what course the jury should pursue if they were to find that appellant was intoxicated to such degree he was incapable of forming the specific intent necessary for the commission of the capital offense of murder.
 "Relying on that line of authority which holds that drunkenness may reduce murder to manslaughter where there is evidence of drunkenness to such degree that the accused is incapable of rational action and, hence, incapable of forming a specific intent essential to the higher offense, appellant contends that the trial court should have coupled its charge on the effects of intoxication with a charge on manslaughter. There has been uniform acceptance of the following statement as to effects of voluntary intoxication:
 "`Voluntary drunkenness neither excuses or palliates crime. But in murder cases evidence of drunkenness of such degree that the accused is incapable of rational action and hence incapable of forming a specific intent essential to a malicious killing may reduce the killing to manslaughter, or may negate the premeditation and deliberation essential to murder in the first degree, or reduce the crime to murder in the second degree.' (Emphasis added.) Ray v. State, 257 Ala. 418, 59 So.2d 582, 584 (1952); Helms v. State, 254 Ala. 14, 47 So.2d 276, 281 (1950); Ivory v. State, 237 Ala. 344, 186 So. 460 (1939); King v. State, 90 Ala. 612, 616, 8 So. 856 (1891); *Page 978 Stockard v. State, 391 So.2d 1049 (Ala.Crim.App. 1979), rev'd on other grounds, 391 So.2d 1060 (Ala. 1980).
 "It is true that the degree of intoxication necessary to negate specific intent and, thus, reduce the grade of an offense must amount to `insanity.' Maddox v. State, 31 Ala. App. 332, 334, 17 So.2d 283, 285 (1944). Mere drunkenness, voluntarily produced, is never a defense against a criminal charge, and can never palliate or reduce the grade of an offense, unless it is so extreme as to render impossible some mental condition which is an essential element of the criminal act. Gautney v. State, 284 Ala. 82, 222 So.2d 175
(1969); Walker v. State, 91 Ala. 76, 9 So. 87 (1891). Partial intoxication will not avail to disprove the specific intent; the intoxication must be of such character and extent as to render the accused incapable of discriminating between right and wrong — stupefaction of the reasoning faculty. Green v. State, 342 So.2d 419 (Ala.Crim.App. 1977).
 "However, it is equally clear that the degree of intoxication exhibited by an accused, such as to reduce murder to manslaughter, even where the evidence is in sharp conflict, is for the jury to decide. Helms, supra; Chatham v. State, 92 Ala. 47, 9 So. 607 (1891); Maddox, supra. In Chatham, supra, a larceny case where there was some testimony that the accused was drunk at the time of the commission of the offense, and in which the accused testified `he did not remember anything which occurred,' the Supreme Court wrote the following:
 "`When the offense consists of an act committed with a particular intent, — when a specific intent is of the essence of the crime, — drunkenness, as affecting the mental state and condition of the accused, becomes a proper subject to be considered by the jury in deciding the question of intent. . . . "Although drunkenness, in point of law, constitutes no excuse or justification for crime, still, when the nature and essence of a crime is made by law to depend upon the peculiar state and condition of the criminal's mind at the time, and with reference to the act done, drunkenness, as a matter of fact, affecting such state and condition of the mind, is a proper subject for consideration and inquiry by the jury. The question in such cases is, what is the mental status?" The decided weight of authority sustains the doctrine that evidence of the condition of the accused, though caused by voluntary drunkenness, is receivable, and may be considered by the jury in determining the question of intent. (Citations omitted.) Charges as to this doctrine should, when necessary, be accompanied by such explanatory instructions as will prevent its misapplication by juries. . . . There being some testimony tending to show that defendant was drunk, he had a right to have the jury pass upon its credibility and sufficiency to prove that he was so drunk as to be incapable of forming the specific intent to steal. . . .' (Emphasis added.) 9 So., at 607, 608.
 "The standard to be applied in this state is that in a capital case the jury must be instructed on each lesser-included offense which has `any basis in the evidence.' Beck v. State, 396 So.2d 645 at 658 (Ala. 1980); Ex parte Kyzer, 399 So.2d 330 (Ala. 1981). A lesser-included offense instruction should be given if `there is any reasonable theory from the evidence which would support the position.' Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982); Chavers v. State, 361 So.2d 1106 (1978); Fulghum v. State, 291 Ala. 71, 75, 277 So.2d 886, 890 (1973). Our decisions are to the effect that `Every prisoner at the bar is entitled to have charges given, which, without being misleading, correctly [state] the law of his case, and are supported by any evidence, however weak, insufficient, or doubtful in credibility.' (Emphasis added.) Gibson v. State, 89 Ala. 121, 8 So. 98 (1889). See *Page 979 
also Burns v. State, 229 Ala. 68, 155 So. 561 (1934).
 "No matter how strongly the facts may suggest that appellant was not so intoxicated at the time he committed the offense that he was incapable of forming the necessary specific intent, the jury should have been instructed on manslaughter as a lesser included offense since there was a `reasonable theory from the evidence which would support the position.'"
Crosslin, 446 So.2d at 681-82.
In the case before us, the failure of the defendant-petitioner's trial counsel to preserve error for the failure of the trial court to instruct the jury on the lesser included offense of manslaughter relegated the defendant-petitioner to the plain-error rule, which increased the burden on the defendant-petitioner to prove prejudice. Ex parte Woodall,730 So.2d 652, 657 (Ala. 1998); Kuenzel v. State, 577 So.2d 474, 489
(Ala.Crim.App. 1990), aff'd, 577 So.2d 531 (Ala. 1991), aff'd,502 U.S. 886 (1991); and Ex parte Kennedy, 472 So.2d 1106, 1111
(Ala. 1985) (a failure to object at trial, while not precluding our review, will weigh against any claim of prejudice). Indeed, plain error review apparently availed the defendant-petitioner nothing on his direct appeal, for neither the Court of Criminal Appeals nor this Court even mentioned the issue of the failure of the trial court to instruct the jury on the lesser included offense of manslaughter in the respective opinions at that stage.Thomas v. State, supra, and Ex parte Thomas, supra.
Trial defense counsel's failure to request an instruction submitting manslaughter and failure to preserve error in this regard cannot be considered a strategic decision. He requested and obtained an instruction on voluntary intoxication to the effect that voluntary intoxication could negate an element of specific intent. The logical sequel would have been an instruction on manslaughter as a lesser included offense. Such an instruction, predicated on voluntary intoxication, would have been entirely consistent with the defense of mental incompetence and the strategy of simply saving the defendant's life rather than seeking total exoneration.
The issue of whether trial defense counsel's not preserving error and thereby relegating the defendant-petitioner to plain-error review prejudiced the defendant-petitioner depends on whether he would have obtained a reversal and a new trial (an obviously better result) if his trial defense counsel had
preserved the error for review. For the reasons we will explain, we conclude that even a preserved-error review of this particular issue would not have availed the defendant-petitioner a reversal and therefore the failure by trial defense counsel to preserve the error did not prejudice the defendant-petitioner. In other words, the result would have been the same in either event because, under the particular facts and circumstances of this case, had trial defense counsel preserved the error, the appellate courts would have recognized the error but would not have found prejudice that required reversal.
Conducting even a preserved-error review, an appellate court in Alabama will not reverse an error unless it has substantially prejudiced the party seeking the review. Ex parte Yelder,575 So.2d 137 (Ala. 1991); Espey v. State, 270 Ala. 669, 120 So.2d 904
(1960); Rule 45, Ala.R.App.P. As we have explained, the trial court submitted to the jury not only the capital murder burglary-murder charged in the indictment but also the lesser included offense of noncapital murder as well as other lesser included offenses. The jury verdict that the defendant is guilty of the capital murder burglary-murder bespeaks that the jury was convinced beyond a reasonable doubt of the existence of each and every essential element of capital murder burglary-murder, including, particularly significantly, not only the essential element of intent to kill in the murder aspect of the capital murder charge but also the essential element of intent to commit theft, *Page 980 
which, in turn, included the essential element of intent to deprive the victim of the property to be stolen from her, in the burglary aspect of the capital murder charge. Section13A-5-40(a)(4) (defining burglary-murder capital murder), §13A-7-5 (defining burglary in the first degree), and § 13A-8-2
(defining theft of property), Ala. Code 1975. Intent to commit theft, entailing, as it does, intent to deprive the owner of her property, is a mental state more elaborate and complex and thus more subject to disruption or obliteration by voluntary intoxication than is the mental state of intent to kill. Had the jury in this case harbored a reasonable doubt to the effect that voluntary intoxication had disrupted or obliterated this defendant's ability to form or to harbor specific intent, the jury first would have applied this doubt to the comparatively elaborate and complex element of intent essential to the burglary aspect of the burglary-murder capital murder charge and accordingly would not have found the burglary and therefore would not have found the burglary-murder but, instead, would have found the defendant guilty of only the lesser included offense of noncapital murder. Even with the refuge of an option to convict for manslaughter, the jurors, who manifestly were convinced beyond a reasonable doubt that the defendant had formed and harbored the more elaborate and complex specific intent to commit a theft within this victim's dwelling, could not and would not have rationally and reasonably concluded that intoxication had disrupted or obliterated the formation or existence of intent to kill in the same brain at the same time and thus could not and would not have rationally and reasonably doubted that the defendant had formed and harbored the relatively simple intent to kill. Therefore, had the trial court submitted the lesser included offense of manslaughter to this jury for its consideration, the likelihood is nil that the jury would have chosen to convict the defendant of manslaughter rather than murder or capital murder.
Finally, the absence of an instruction on the lesser included offense of manslaughter did not deprive the defendant of an opportunity for a compromise verdict. Had the jury been inclined to compromise, the jury would obviously have chosen the option they already had to convict the defendant of the lesser included offense of noncapital murder.
Because the giving of a jury instruction on the lesser included offense of manslaughter would not have changed the verdict of the jury, the absence of such an instruction did not prejudice the defendant. Thus, even if defense trial counsel had preserved the error of the failure of the trial court to instruct the jury on the lesser included offense of manslaughter, the defendant would not have obtained a reversal on appeal. Accordingly, the failure of defense trial counsel to preserve the error did not prejudice the defendant, and the defendant has not met the prejudice prong of the test for ineffective assistance of counsel as required for relief under Strickland v. Washington,supra.
For the reasons stated, the petitioner is not entitled to relief on the ground discussed. We decline to address the less arguable grounds contained in the petition for writ of certiorari and accompanying brief. Therefore the judgment of the Court of Criminal Appeals affirming the judgment of the trial court denying the Rule 32 petition is affirmed.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, and See, JJ., concur.
Lyons, J., concurs in the result.
Brown, J., recuses herself.[2]
[1] The trial court submitted also the alleged separate simultaneously committed offenses, but they do not affect this opinion.
[2] Justice Brown was a member of the Court of Criminal Appeals when that court considered this case. *Page 981