COBB, Judge,
concurring in part and dissenting in part.

Introduction

This is an appeal from the denial of a Rule 32, Ala. R.Crim. P., petition alleging, among other things, that trial counsel rendered ineffective assistance. I agree with the majority’s resolution of many of the issues presented, but I do not agree with its analysis of the ineffeetive-assistance-of-counsel claims regarding issues that were raised and addressed by this Court on direct appeal from Taylor’s conviction and death sentence.[5] The court hearing Taylor’s Rule 32 petition refused to permit Taylor to present evidence in support of several of his claims of ineffective assistance. The majority explained:
“The appellant argues that the circuit court improperly prevented him from presenting claims that his attorneys rendered ineffective assistance during the guilt phase of his trial. The circuit court addressed each of the claims to which the appellant refers and denied each of them because this court addressed the underlying substantive claims on direct appeal.”
10 So.3d at 1046 (emphasis added).
I do not agree with the majority’s conclusion in Part I of the opinion, which states:
“Clearly, then, when this court and/or the Alabama Supreme Court has specifically addressed and rejected a substantive claim on direct appeal, whether reviewing for plain or preserved error, a petitioner in a Rule 32 proceeding who raises an ineffective-assistance claim based on that same substantive claim cannot establish prejudice under Strickland.,[3]
The majority appears to have created a dual system for evaluating the plain-error review conducted by this Court in all death penalty cases and that is permitted in the Alabama Supreme Court in all death-penalty cases.[6] First, the majority holds that, if this Court or the Alabama Supreme Court addressed and rejected a substantive issue on direct appeal and found that no plain error occurred, then, if a petitioner in Rule 32 proceedings raises an ineffective-assistance-of-counsel claim arising out of that substantive issue, the previous finding of no plain error necessarily precludes a finding of prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, according to the majority, when there has been a find *1067 ing of no plain error as to a particular matter, a petitioner can never meet the burden of proof established in Strickland, because even if he can prove that counsel’s performance was deficient with regard to the underlying substantive issue he cannot prove the prejudice prong of the test. Following this line of reasoning, the majority asserts that the trial court can refuse to permit a petitioner to put forth evidence to prove his claims of ineffective assistance of counsel.
Next, in footnote 3 of its opinion, the majority states that if this Court or the Alabama Supreme Court “simply” conducted plain-error review of the entire record on direct appeal in a death-penalty case and a Rule 32 petitioner later raises a claim of ineffective assistance of counsel arising out of a substantive issue not specifically addressed on direct appeal, then the earlier finding of no plain error would not automatically preclude a finding of prejudice under Strickland.
I do not believe that Alabama law or the broader principles of due process allow for the preclusion of a finding of prejudice with regard to an ineffective-assistanee-of-counsel claim simply because this Court or the Alabama Supreme Court examined the underlying substantive issue and found no plain error. Examination of cases applying the plain-error rule convinces me that such a conclusion is unwarranted and was never intended when the plain error rule was created. To the extent this Court has held otherwise in a few cases, I believe we reached the wrong conclusion in those cases.
As for the majority’s creation of what is, in essence, a dual standard of plain-error review, I cannot agree with what I believe is an unwarranted interpretation of the plain-error rule. Rule 45A, Ala. R.App. P., mandates review of the record for plain error in a capital case in which the death penalty has been imposed, and Rule 39(a)(2)(D) permits such a plain-error review by the Alabama Supreme Court. A finding of no plain error could be reached whether an issue was raised by the appellant in his brief on appeal and addressed by the Courts, or after an appellate court reviewed the record on its own for plain error. A finding of no plain error at the conclusion of review by either Court means just that — no plain error was found to exist. This was true whether the finding was made with regard to an issue that was raised by one or both of the parties and addressed by the Courts or whether the finding followed our mandatory review of the record or the Alabama Supreme Court’s discretionary review of the record.
The majority now holds that a finding of no plain error following analysis of an issue that was addressed on appeal has far greater significance than a finding of no plain error following our “simple” review of the entire record under Rule 45A. I find no basis in Alabama law for such a distinction. Nor do I believe such a distinction is, in any way, consistent with the principles of plain-error review that have been in place for decades. Finally, even if there existed any legal support for the newly created dual standard of plain-error review, I cannot agree that appellate review of the substantive issue and a finding of no plain error on direct appeal precludes a finding of prejudice for purposes of Strickland. For the reasons set forth below, I believe that the trial court erred in precluding Taylor from presenting evidence on, and in denying claims of, ineffective assistance of counsel on grounds that the underlying substantive issues were specifically addressed and rejected on direct appeal by this Court and/or by the Alabama Supreme Court.

Plain-Error Review

The Alabama Legislature initially provided for plain-error review by this Court *1068 in capital cases in which the death penalty was imposed. Title 15, Section 382(10), Code of Alabama 1940 (Recomp.1958); § 12-22-241, Ala.Code 1975. In Echols v. State, 47 Ala.App. 23, 249 So.2d 639 (1971), this Court discussed the origin of plain-error review in Alabama; it quoted the legislative rule in force at that time:
“Section 10 of said Act reads as follows:
“ ‘In all cases of automatic appeals the Appellate Court may consider, at its discretion, any testimony that was seriously prejudicial to the rights of the appellant, and may reverse thereon even though no lawful objection or exception was made thereto. The Appellate Court shall consider all of the testimony, and if upon such consideration is of [the] opinion the verdict is so decidedly contrary to the great weight of the evidence as to be wrong and unjust and that upon that ground a new trial should be had, the Court shall enter an order of reversal of the judgment and grant a new trial, though no motion to that effect was presented in the court below.’ ”
47 Ala.App. at 25, 249 So.2d at 641.
Rule 45A, Ala. R.App. P., now contains Alabama’s plain-error rule for this Court; it states:
“In all cases in which the death penalty has been imposed, the Court of Criminal Appeals shall notice any plain error or defect in the proceedings under review, whether or not brought to the attention of the trial court, and take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial right of the appellant.”
Rule 39(a)(2)(D), Ala. RApp. P., provides for discretionary plain error review in death penalty cases in the Alabama Supreme Court; it
“permit[s] the Supreme Court to notice any plain error or defect in the proceeding under review, whether or not brought to the attention of the trial court or the Court of Criminal Appeals or set forth in the petition, and to take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial rights of the petitioner.... ”
Although the actual language contained in Rule 45A appears to provide a liberal standard for possible reversal — i.e., when an “error has or probably has adversely affected” one of the defendant’s substantial rights — our appellate courts have applied the standard less generously. For example, in Hooks v. State, 534 So.2d 329 (Ala.Crim.App.1987), aff'd, 534 So.2d 371 (Ala.1988), we stated:
“In considering what constitutes ‘plain error’ in a capital case, the Alabama Supreme Court has looked to the federal court’s interpretation of what is ‘plain error.’ See Ex parte Harrell, 470 So.2d 1309 (Ala.1985); Ex parte Womack, 435 So.2d 766 (Ala.1983).
“In United States v. Young, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985), the Supreme Court stated that the plain error doctrine should be used to correct only ‘particularly egregious errors’ ... which are those errors that ‘seriously affect the fairness, integrity or public reputation of judicial proceedings’.... The plain error rule should be applied ‘solely in those circumstances in which a miscarriage of justice would otherwise result’ Young, supra, 105 S.Ct., at 1047....
“Furthermore, the court noted that the plain error doctrine requires that the ‘claimed error not only seriously affects “substantial rights” [of the defendant], but that it had an unfair prejudicial impact on the jury’s deliberations. *1069 Only then would [a] court be able to conclude that the error undermined the fairness of the trial and contributed to a miscarriage of justice.’ Young, supra, 105 S.Ct., at 1047, n. 14.”
Hooks, 534 So.2d at 351-52 (emphasis added). See also Ex parte Hodges, 856 So.2d 936, 948 (Ala.2003); Ex parte Powell, 796 So.2d 434, 436 (Ala.2001), quoting Haney v. State, 603 So.2d 368, 392 (Ala.Crim.App.1991), aff'd, 603 So.2d 412 (Ala.1992); Gavin v. State, 891 So.2d 907 (Ala.Crim.App.2003)(all stating that error is plain if it is so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceedings and/or it had an unfair prejudicial impact on the jury’s deliberations).
More recently, in Thomas v. State, 824 So.2d 1 (Ala.Crim.App.1999), we adopted the United States Supreme Court’s interpretation of plain error set forth in United States v. Olano, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), which mandated a four-part inquiry to determine whether error constituted “plain error” pursuant to Rule 52(b), Fed.R.Crim.P.[7] We discussed at length the fundamentals of the plain error rule and the importance of the strict application of the rule. We then stated:
“Particularly in regard to the record before us, the following discussion, by Judge Ed Carnes of the United States Court of Appeals for the Eleventh Circuit, most effectively explains the rationale behind such circumscription of the ‘plain-error’ standard of review. We endorse it wholeheartedly.
“ ‘The narrowness of the plain error rule is a reflection of the importance, indeed necessity, of the contemporaneous objection rule to which it is an exception. The contemporaneous objection rule fosters finality of judgment and deters “sandbagging,” saving an issue for appeal in hopes of having another shot at trial if the first one misses....
[[Image here]]
“ ‘ “In the absence of plain error ... it is not our place as an appellate court to second guess the litigants before us and grant them relief they did not request, pursuant to legal theories they did not outline, based on facts they did not relate.” Adler v. Duval County School Bd., 112 F.3d 1475, 1481 n. 12 (11th Cir.1997). Because the contemporaneous objection rule is essential to the integrity and efficiency of our judicial process, we have stressed that “[t]he plain error test is difficult to meet.” United States v. King, 73 F.3d 1564, 1572 (11th Cir.1996); accord, e.g., United States v. Sorondo, 845 F.2d [945,] at 948-49 [11th Cir.1988]; United States v. Chaney, 662 F.2d 1148, 1152 n. 4 (5th Cir. Unit B 1981).’
“United States v. Pielago, 135 F.3d 703, 709 (11th Cir.1998).”
Thomas v. State, 824 So.2d 1, 14 (Ala.Crim.App.1999), rev’d on other grounds, Ex parte Carter, 889 So.2d 528 (Ala.2004).
Thus, the plain-error review set forth in Rule 39(a)(2)(D) and 45A, Ala. RApp. P., as applied, is a stringent one, and one that has not often resulted in reversals in death-penalty cases.
*1070 The Strickland Test and Its Relationship to Plain Error
The United States Supreme Court set out the standard for granting postconviction relief based on a claim of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner must establish both that trial counsel’s performance was deficient and that the deficient performance prejudiced the petitioner. To prove the prejudice prong of the test, a petitioner must prove that, as a result of counsel’s deficient conduct, there is a reasonable probability that the result would have been different. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” 466 U.S. at 694, 104 S.Ct. 2052. The majority notes in its opinion, “The analysis used in reviewing for plain error is substantially the same as the analysis that is used to determine prejudice under Strickland.” 10 So.3d at 1047. Although the tests are similar, I do not agree that they are substantially so. Review for plain error under Rule 39(a)(2)(D) and Rule 45A, Ala. R.App. P., has resulted in an “outcome determinative test,” that is, plain error is recognized only when it affected the outcome of the case and when the failure to recognize the error would result in a miscarriage of justice. See, e.g., Ex parte Hodges, 856 So.2d 936, 948 (Ala.2003); Adams v. State, 955 So.2d 1037, 1049 (Ala.Crim.App.2003), and cases cited therein, ajfd on return to remand, 995 So.2d at 1106 (Ala.Crim.App.2003); Gavin v. State, 891 So.2d 907, 931 (Ala.Crim.App.2003), and cases cited therein. The Strickland Court specifically rejected an “outcome determinative test” as a requirement for proving an ineffective-assistance-of-counsel claim. The Court stated:
“An ineffective assistance claim asserts the absence of one of the crucial assurances that the result of the proceeding is reliable, so finality concerns are somewhat weaker and the appropriate standard of prejudice should be somewhat lower. The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.”
466 U.S. at 694, 104 S.Ct. 2052.
Even though Alabama’s plain-error review and the prejudice prong of the Strickland test are similar, they are not identical. Therefore, I cannot agree with the majority’s follow-up statement:
“Clearly, then, when this court and/or the Alabama Supreme Court has specifically addressed and rejected a substantive claim on direct appeal, whether reviewing for plain or preserved error, a petitioner in a Rule 32 proceeding who raises an ineffective-assistance claim based on that same substantive claim cannot establish prejudice under Strickland.”
10 So.3d at 1047 (footnote omitted).
My review of existing caselaw convinces me that the plain-error standard and the prejudice prong of Strickland test were never intended to be identical and, until very recently, were not interpreted by this Court to be nearly identical. To the contrary, the two legal standards are distinct, and they address different alleged errors. Therefore, I cannot agree with the majority’s conclusion that, after a claim has been reviewed for preserved or plain error and has been addressed and rejected on direct appeal, a Rule 32 petitioner cannot then establish prejudice if he raises the same substantive claim in the form of a claim of ineffective assistance of counsel.
For more than a decade, this Court has stated that a finding of no plain error on direct appeal is but one factor to be consid *1071 ered in determining whether a Rule 32 petitioner had established the prejudice prong of an ineffective-assistance-of-counsel claim arising out of the same substantive claim. E.g., Boyd v. State, 746 So.2d 364, 389-90 (Ala.Crim.App.1999); Grayson v. State, 676 So.2d 516, 524 (Ala.Crim.App.1995); Fortenberry v. State, 659 So.2d 194, 200 (Ala.Crim.App.1994); Hallford v. State, 629 So.2d 6, 10 (Ala.Crim.App.1992). In Thomas v. State, 766 So.2d 860 (Ala.Crim.App.1998), however, this Court first stated a different relationship between a finding of no plain error on direct appeal and the prejudice prong of the Strickland test in post-conviction proceedings. In Thomas, the petitioner contended that his trial counsel were ineffective for failing to object to the trial court’s failure to instruct the jury on the lesser included offense of manslaughter. We said:
“However, Thomas has failed to establish the two prongs of Strickland v. Washington. In implicitly rejecting the underlying substantive issue as failing to present any plain error, Rule 45A, Ala. R.App.P., the Alabama Supreme Court implicitly found that the alleged error did not or probably did not adversely affect the substantial right of Thomas. Thus, we must concur with the attorney general that Thomas’s ineffective trial counsel argument fails because, by virtue of the Alabama Supreme Court’s implicit ruling, Thomas cannot satisfy the prejudice prong of Strickland,.”
766 So.2d at 953.
The Thomas opinion contained no additional analysis and no explanation for the apparent abandonment of the long-standing rule that a finding of no plain error was but a factor to be considered in the analysis of an ineffective-assistance-of-counsel claim based on the same underlying issue. In several opinions released after Thomas, this Court stated both that a finding of no plain error is one factor to consider when evaluating a claim of ineffective assistance of counsel and, often in the same paragraph, that a finding of no plain error 'precludes a finding of prejudice. Slaton v. State, 902 So.2d 102, 111 (Ala.Crim.App.2003); McGahee v. State, 885 So.2d 191, 206-07 (Ala.Crim.App.2003); Dobyne v. State, 805 So.2d 733, 744 (Ala.Crim.App.2000), aff'd, 805 So.2d 763 (Ala.2001); Williams v. State, 783 So.2d 108, 128, 133 (Ala.Crim.App.2000). The two statements are wholly inconsistent, and the repetition of that inconsistency has brought us to the unfortunate result reached today in the majority’s decision. I believe that the discrepancy must ultimately be clarified by the Alabama Supreme Court.
In Williams v. State, supra, when we stated that a finding of no plain error precluded a finding of prejudice, we relied on a Missouri case, State v. Clark, 913 S.W.2d 399 (Mo.Ct.App.1996). Clark stated, “A finding of no manifest injustice under the ‘plain error’ standard on a direct appeal serves to establish a finding of no prejudice under the test for ineffective assistance of counsel provided in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).” 913 S.W.2d at 406. Clark and other cases applying that rule of law were abrogated by Deck v. State, 68 S.W.3d 418 (Mo.2002). The Missouri Supreme Court recognized that the inquiry on direct appeal under the plain-error rule and the inquiry regarding prejudice in a claim of ineffective assistance of counsel are different; the Court stated that the “denial of a plain error claim is not dispositive of the question whether counsel was ineffective in failing to preserve the issue as to which plain error was not found.” 68 S.W.3d at 428. The Court stated that a finding of plain error was appropriate when “the error so substantially affected [the defendant’s] rights that *1072 a manifest injustice or a miscarriage of justice would result were the error left uncorrected. Rule 32.20; State v. Winfield, 5 S.W.3d 505, 516 (Mo. Banc 1999).” 68 S.W.3d at 424. The Court stated that a new trial could be granted as a result of a finding of plain error on direct appeal “only if the error was outcome determinative.” Id. (Citation omitted.)
Thus, the circuit court’s rebanee on Williams, which it cited in support of its holding below, that the finding of no plain error on direct appeal precluded a finding of prejudice, is misplaced to the extent that State v. Clark was abrogated by Deck v. Missouri. The majority acknowledges that Clark has been abrogated but notes that, in Williams, this Court also relied on Thomas v. State, 766 So.2d 860, 953 (Ala.Crim.App.1998); Thomas, the majority contends, controls the outcome of this case. I disagree based on the opinion of the Alabama Supreme Court affirming our decision in Thomas. Although that Court has not addressed the issue directly, it has implicitly rejected the majority’s position.
When the Alabama Supreme Court reviewed our judgment in Thomas v. State, the first case in which we stated that a finding of no plain error precluded a finding of prejudice under Strickland, the Alabama Supreme Court affirmed the judgment, but it did not affirm that specific holding. Ex parte Thomas, 766 So.2d 975 (Ala.2000). Rather, the Court framed the issue as follows: “The issue of whether trial defense counsel’s not preserving error and thereby relegating the defendant-petitioner to plain-error review prejudiced the defendant-petitioner depends on whether he would have obtained a reversal and a new trial (an obviously better result) if his trial defense counsel had preserved the error for review.” 766 So.2d at 979. The Court then conducted a “preserved-error review” of the issue and determined that, even if counsel had objected to the trial court’s failure to instruct the jury on manslaughter, Thomas would not have obtained a reversal on appeal. 766 So.2d at 980.
The majority here acknowledges that the Alabama Supreme Court did not adopt or affirm our holding that the finding of no plain error necessarily precluded a finding of no prejudice in a postconviction proceeding. However, in footnote 3 of its opinion, the majority here seeks to limit the Supreme Court’s opinion in Ex paHe Thomas by stating that it “was limited to ineffective-assistance claims based on underlying substantive claims that had not been specifically addressed and rejected by this court and/or the Alabama Supreme Court on direct appeal.” 10 So.3d at 1046. Nothing in the Supreme Court’s opinion in Ex paHe Thomas indicates that its “preserved-error review” was limited to claims that had not been specifically addressed and rejected on direct appeal. Ex parte Thomas thus implicitly rejected our holding that a finding of no plain error on direct appeal precludes a finding of prejudice under Strickland. The majority’s attempt to limit the clear holding in Ex parte Thomas must fail for the reasons discussed below.
Rule 45A, Ala. R.App. P., requires this Court to notice any plain error or defect in the proceedings, whether such error was objected to in the trial court. The rule does not distinguish between, or offer different levels of scrutiny for, plain-error review of the record for issues raised by counsel on direct appeal and plain-error review of the entire record, which we are mandated to perform. There is only one plain-error rule. The majority’s attempt, in footnote 3 of its opinion, to limit Ex parte Thomas and its implicit rejection of the holding regarding the preclusion of a finding of prejudice is, in my opinion, a *1073 weak and unsuccessful attempt to uphold that portion the trial court’s decision in this case and to uphold a portion of our decision in Thomas.
Moreover, the majority’s new dual-standard approach to plain-error review under Rule 45A implicitly questions the mandated plain-error review we have conducted of every record in every capital case in which the death penalty has been imposed. The majority implicitly holds that our review of a record on direct appeal in a death penalty case and our finding of no plain error means something less than a finding of no plain error following a discussion of an underlying substantive issue. The majority’s dual-standard seems to imply that it believes that our mandatory review of the direct appeal record in each death-penalty case is something of a sham. This distinction gives less weight, if it gives any weight, to the finding of no plain error following mandatory review. The majority does not explain the reasons for the distinction it makes, and I have been unable to intuit any of my own. Nothing in the rule or in our existing caselaw warrants this distinction, and it should not be adopted here.
My reading of the Supreme Court’s opinion in Ex parte Thomas convinces me that we must recognize that trial courts and this Court can no longer state that a finding of no plain error on direct appeal— whether the error was raised and addressed on appeal or whether the finding was a result of our mandatory review of the record — necessarily precludes a finding of prejudice with regard to an ineffective-assistance-of-counsel claim. Rather, we must return to our original analysis, as stated in Hallford v. State, 629 So.2d 6, 10 (Ala.Crim.App.1992), and its progeny, that a finding of no plain error on direct appeal is a, factor to consider in the evaluation of a claim of ineffective assistance of counsel arising out of that substantive claim.
The final reason that I believe the majority’s analysis on the plain-error/prejudice issue is flawed is that, as the plain-error rule has been applied by the Alabama Supreme Court and by our Court, the burden of proving plain error on direct appeal is higher than the burden of proving prejudice under the Strickland, test. As discussed earlier in this special writing, Rule 39(a)(2)(D) and Rule 45A, Ala. R.App. P., though not so stringent in their words, have been applied in such a manner as to be an “outcome determinative test.” That is, as discussed above, a finding of plain error will not be made unless the failure to do so would result in a miscarriage of justice, or unless it had an unfair impact on the jury’s deliberations, or unless it seriously affected the fairness of the judicial proceedings. The prejudice prong of the Strickland test is less difficult to meet. “With regard to the prejudice inquiry, only the strict outcome-determinative test, among the standards articulated in the lower courts, imposes a heavier burden on defendants than the tests laid down today. The difference, however, should alter the merit of an ineffectiveness claim only in the rarest case.” Strickland v. Washington, 466 U.S. at 697, 104 S.Ct. 2052. Therefore, a defendant’s failure to prove plain error on direct appeal cannot in all cases preclude a finding of prejudice in postconviction proceedings. To hold otherwise, I believe, is contrary to the intent of Alabama law and cases decided by the United States Supreme Court.

Conclusion

Based on the foregoing, I must dissent from the majority’s analysis and holdings regarding the effect of a finding of no plain error on direct appeal and the preclusion of a finding of prejudice under Strickland in Rule 32 proceedings. Taylor should *1074 have been permitted to put forth evidence to establish his claims of ineffective assistance of counsel, if those claims were properly pleaded. The majority’s attempt to limit the Alabama Supreme Court’s holding in Ex parte Thomas, 766 So.2d 975 (Ala.2000), fails for lack of logic and for lack of support in the law. To the extent this Court has previously held that a finding of no plain error on direct appeal precludes a finding of prejudice in a post-conviction proceeding,[8] I believe these holdings are in error and that those cases should be overruled in relevant part. Finally, I encourage the other members of this Court to return to the rule of law that was, I believe, originally intended when this issue was first considered in this Court; we should again state clearly that a finding of no plain error on direct appeal is but one factor to be considered in the analysis of prejudice under Strickland.
For the foregoing reasons, I concur in part and dissent in part from the majority’s opinion.

. The majority addresses this point fully in Part I of its opinion, but reaches the same conclusion with regard to other ineffective-assistance-of-counsel claims discussed elsewhere in the opinion. This writing is directed to all of those claims.

“3 We finally note that Thomas [v. State, 766 So.2d 860 (Ala.Crim.App.1998) ], and Williams [v. State, 783 So.2d 108 (Ala.Crim.App.2000)], do not stand for the proposition that a petitioner in a Rule 32 proceeding cannot establish prejudice under Strickland [v. Washington, 466 U.S. 668 (1984) ], simply because this court and/or the Alabama Supreme Court conducted a plain error review of the record on direct appeal. See Ex parte Thomas, [766 So.2d 975 (Ala.2000) ].”

. Plain-error review of the entire record in this Court is mandated by Rule 45A, Ala. R.App. P.; in the Alabama Supreme Court, plain-error review of the record is permitted by Rule 39(a)(2)(D), Ala. R.App. P.

. The four-part inquiry requires: (1) that error exists; (2) that the error be plain; (3) that the error affect substantial rights; and (4) that “the error 'seriously affect the fairness, integrity or public reputation of judicial proceedings.’" Olano, 507 U.S. at 736, 113 S.Ct. 1770, quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936).

. E.g., Coral v. State, 900 So.2d 1274, 1287 (Ala.Crim.App.2004); Williams v. State, 783 So.2d 108, 133 (Ala.Crim.App.2000); Thomas v. State, 766 So.2d 860, 953 (Ala.Crim.App.1998).