SHAW, Judge,
concurring in part and dissenting in part.
I join Judge Cobb’s special writing, with the following caveat.
The weight of authority supports the conclusion that the plain-error standard of review is more stringent than the standard of review articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In that vein, the weight of authority also militates against this Court’s adherence to the rule first articulated in Thomas v. State, 766 So.2d 860 (Ala.Crim.App.1998) — that a petitioner in a Rule 32, Ala. R.Crim. P., proceeding cannot, as a matter of law, establish prejudice under Stnckland when this Court has found no plain error with respect to a substantive claim on direct appeal. As Judge Cobb correctly notes, Ex parte Thomas, 766 So.2d 975 (Ala.2000), stands squarely in the way of the majority’s holding on this issue.[9]
*1075 Having said that, however, it strikes me that all of our analysis on both sides of this question reflects a basic struggle to reconcile the necessary tension that often exists between a theoretical legal principle and the practical realities of judicial review. I am sympathetic to the majority’s pragmatic analysis because it approaches the issue by asking the fundamental question I often ask myself: Under what circumstances would this Court really find substantial prejudice under a preserved-error/Sinc/c-land analysis and not under a plain-error analysis? Although implicit in the Alabama Supreme Court’s holding in Ex parte Thomas is the conclusion that such a case could be presented, that Court, I think, would agree with the United States Supreme Court’s assessment in Strickland that “[t]he difference [between a strict outcome-determinative test and the test articulated in Strickland for determining prejudice] ... should alter the merit of an ineffectiveness claim only in the rarest case.” 466 U.S. at 697, 104 S.Ct. 2052.[10] The possibility that that rare case could be presented appears to form the basis for the holding in Ex parte Thomas, and I am bound by that decision.
Therefore, I would remand this case for the trial court to determine whether the claims at issue were adequately pleaded and, if so, whether there was any merit to them under the standard set out in Strickland.

. The Thomas Court stated;
"In the case before us, the failure of the defendant-petitioner’s trial counsel to preserve error for the failure of the trial court to instruct the jury on the lesser included offense of manslaughter relegated the defendant-petitioner to the plain-error rule, which increased the burden on the defendant-petitioner to prove prejudice. Ex parte Woodall, 730 So.2d 652, 657 (Ala.1998); Kuenzel v. State, 577 So.2d 474, 489 (Ala.Crim.App.1990), aff'd, 577 So.2d 531 (Ala.1991), aff’d, 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991); and Ex parte Kennedy, 472 So.2d 1106, 1111 (Ala.1985) (a failure to object at trial, while not precluding our review, will weigh against any claim of prejudice). Indeed, plain error review apparently availed the defendant-petitioner nothing on his direct appeal, for neither the Court of Criminal Appeals nor this Court even mentioned the issue of the failure of the trial court to instruct the jury on the lesser included offense of manslaughter in the respective opinions at that stage. Thomas v. State, [539 So.2d 375 (Ala.Crim.App.1988) ], and Ex parte Thomas, [539 So.2d 399 (Ala.1988)].
[[Image here]]
"The issue of whether trial defense counsel’s not preserving error and thereby relegating the defendant-petitioner to plain-error review prejudiced the defendant-petitioner depends on whether he would have obtained a reversal and a new trial (an obviously better result) if his trial defense counsel had preserved the error for review. For the reasons we will explain, we conclude that even a preserved-error review of this particular issue would not have availed the defendant-petitioner a reversal and therefore the failure by trial defense counsel to preserve the error did not prejudice the defendant-petitioner. In other words, the result would have been the same in either event because, under *1075 the particular facts and circumstances of this case, had trial defense counsel preserved the error, the appellate courts would have recognized the error but would not have found prejudice that required reversal."
766 So.2d at 979.

. In Deck v. State, 68 S.W.3d 418, 428 (Mo.2002), the Missouri Supreme Court, overruling State v. Clark, 913 S.W.2d 399 (Mo.Ct.App.1996), noted:
"Of course, as Strickland recognized, 466 U.S. at 694. 697. 104 S.Ct. 2052. this theoretical difference in the two standards of review will seldom cause a court to grant post-conviction relief after it has denied relief on direct appeal, for, in most cases, an error that is not outcome-determinative on direct appeal will also fail to meet the Strickland test. Nonetheless, Strickland cautions that the distinction in the standards of review is important because there are a small number of cases in which the application of the two tests will produce different results. Id. at 697, 466 U.S. 668, 104 S.Ct. 2052. 80 L.Ed.2d 674.”